ROBERT REID v. GEORGE N. LADUE AND AUSTIN LADUE.

*Vendor and vendee—Fraud—Estoppel—Evidence.*

1. Plaintiff, a drover and butcher, was accustomed to sell his hides to defendants at various agreed prices, but never below a certain price per pound. After discovering, as he claimed, that he had been defrauded by short weights, he settled with defendants according to their report of such weights without making known to them his knowledge of the alleged shortage, or making any claim therefor.

    *Held,* that he was estopped from making such claim in a suit brought against defendants to recover for said alleged shortage, and for shortage on other sales made to defendants.

2. Where a drover had made sales of hides to certain dealers for a number of years, and finally sued them for alleged shortage in weights,—

    *Held,* that the fact that defendants made a mistake or acted fraudulently in weighing the hides on two or three occasions during the last year is not testimony from which it may be presumed that they did so eight years before. Nor is it competent for the plaintiff to give his opinion that he had been unfairly dealt by for the intervening years, and attempt to fix an average per hide by which the suspected shortage might be ascertained during said years; such opinions and surmises not rising to the dignity of testimony, and much less to the plane of evidence.

Error to Wayne. (Jennison, J.) Argued January 20, 1887. Decided May 5, 1887.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*James H. Pound,* for appellant.

*Edwin F. Conely,* for defendants.

SHERWOOD, J. The plaintiff in this case, a drover and butcher, did business in Detroit. He was accustomed to sell his hides taken from the slaughtered animals to the defend-

ants at various prices agreed upon, but never for less than six and one-half cents per pound.

It was the custom of the parties in weighing the hides to have it done by a servant of the plaintiff with one of the defendants, and when the weight was ascertained at the scales it was called off in a loud voice by one of them to the defendant George N. Ladue, and he in turn repeated the weight in the presence and hearing of the plaintiff or his servant, and which, thus verified, he then apparently entered upon paper; and when the weighing was done he made a duplicate statement of the weight he had entered and apparently so verified to the plaintiff, who settled and was paid for the hides according to the weight given him upon the duplicate ticket.

Reid claims he was cheated in the weight of his hides made so apparently fair, and furnished to him by the defendants, and gives this statement of how it was done and how he detected the fraud.

He says on the twenty-third day of March, 1885, he was in an apartment of the building in which at the time the weighing on that day was going on, but was not seen by those engaged in weighing, and, as the servant called off the weights, he heard him and took the amounts down upon paper, and afterwards, on comparing the weights made that day with those furnished him upon the ticket by the defendants, he found a discrepancy, which was in favor of the defendants. This mode of obtaining the true weight of the hides he repeated by himself or servants three times with like results. He took the weight once afterwards in the presence of the weighers and the said defendant in such manner as all knew he had taken the weight as announced by the servant, and in this instance the weight furnished by defendants was right, and the same as he had taken.

The plaintiff claims by reason of the false weights of his hides so taken and rendered to him by defendants he has lost

10 per cent. of their value, and that this system of fraud has been practiced upon him by defendants for a long time, it being during the entire time he had sold them hides, and brought this suit in assumpsit to recover for the amount of damage he had sustained in consequence of the deficiency in weights occurring as above stated.

The defendants pleaded the general issue.

On the trial the plaintiff was allowed to recover the sum of $132.98 under the direction of the court.

It appears from the testimony that the deficiency in the weight on March 23 amounted to $3.01, on the thirty-first of March to $7.49, and on April 13 to $7.47,—these being the three occasions on which the plaintiff took or caused to be taken the weights without the knowledge of the weighers and Ladue; also that the plaintiff, with full knowledge of the shortage on the March weights, settled with the defendants therefor, and received his pay on the sales then made according to the statements of the weights as presented by the defendants, without making known to them that he was cognizant of the alleged shortage, or making any claim therefor; and it further appears that, when the plaintiff undertook to settle for sales made April 13 on the statement of weights presented by the Ladues, he was asked to take the sum of $117.26, and after some controversy the parties failed to settle, and the plaintiff brought this suit, claiming to recover not only for the sale made in April, 1885, but also for the shortage ascertained in the March sales of the twenty-third and thirty-first, and a ratable proportionate amount upon all sales of hides made to the defendants from the time the plaintiff commenced dealing with the defendants, in 1877, until the thirteenth of April, 1885.

The court held that, in regard to the claim made for the shortage in the March sales, the plaintiff having settled with the defendants for the amount of those sales and with a full knowledge of the fact that he was accepting of less than the

hides came to under his contract with defendants for them, and without making any claim for the shortage or even calling the subject to the attention of the defendants, he is estopped from now recovering therefor.

In this holding we think the court was correct.

It was the plaintiff's duty under the circumstances to have brought forward his entire claim which the parties were engaged in settling, and, if he purposely omitted or kept back a portion of it when settling, he will not be allowed to recover for the omitted portion thereafter, and this is now what is sought to be done by the plaintiff. In regard to the sale made April 13, the verdict gives the plaintiff all he claims.

Counsel for plaintiff, to sustain his claim for shortage on all purchases made by the defendants of plaintiff during the years the parties were having dealings, proposed to show—

1. " That during that period plaintiff sold to defendants 9,046 hides, and that on the three sales made March 23 and 31 and April 13, 1885, defendants did not pay within 32 cents per hide of the contract price for the same, and did not pay to plaintiff for the other hides sold during that period within 32 cents per hide, true value.

2. "That the general practice of the defendant Ladue, in buying hides of plaintiff, was to go to the plaintiff's slaughter-house, and there have them weighed, he being the only man that took a written memorandum of weights; that he would keep one copy, and make a duplicate out for plaintiff's man, as the correct weight for plaintiff to settle by, and which he did afterwards settle by, with the exception of the last time, April 13;" and "that they were subject to the same defects and frauds as we have specified in the sales of March 23, 31, and April 13."

3. "That plaintiff is an expert; that he has been in his present business 16 years, and is an expert in regard to hides, and everything pertaining to the hide business; and that he can approximate the weight of his hides, and can tell about how much, in his judgment, his losses have been, and I offer his testimony for that purpose; that he has had a contract with defendants for the sale of all his hides at a certain rate per pound, never less than $6\frac{1}{2}$ cents, and that he can approx-

imate his losses in this connection, and what the defendants have defrauded him of, and that said hides never weighed less than 70 pounds each."

The facts contained in the foregoing propositions were all proper to be shown, if the proof of them could have been made by competent evidence. But the fact that the defendants made a mistake or acted fraudulently in weighing the hides two or three times in 1885 is not testimony from which it may be presumed that they did so in 1877, eight years before. Nor was it competent for the plaintiff to give his opinion that he had been dealt unfairly by for seven years in the weight of the hides, and then undertake to fix an average per hide by which the suspected shortage might be measured and ascertained during all that period. Such opinions and surmises do not rise to the dignity of testimony, and much less to the plane of evidence.

It is unnecessary to consider the other exceptions, as what has been said must necessarily dispose of the case.

We think the circuit judge gave the proper directions to the jury, and the judgment must be affirmed.

The other Justices concurred.