FRANK E. BARTLETT v. THE STREET RAILWAY COMPANY OF GRAND RAPIDS.

*Master and servant—Contract of employment—Extra hours—Statute of 1885—Estoppel.*

1. Plaintiff sued to recover for extra hours' work, above ten hours per day, under Act No. 137, Laws of 1885, making ten hours a legal day's work in factories, workshops, etc. And it is held that there are two fatal objections to his right to recover:

   *a*—He contracted with knowledge of and with reference to the invariable custom and rule of the defendant, and the limitation of authority given to its officers, and his contract was therefore to work without reference to the number of hours constituting a day's work.

   *b*—His final settlement with defendant, when the receipt was read to him, covered all *extra* time, and not the time covered by the last pay-roll, as found by the circuit judge.

2. A doubt is suggested if the statute covers employment such as the plaintiff was rendering, but this point is not decided.

Error to Kent. (Burch, J.) Argued October 10, 1890. Decided October 31, 1890.

*Assumpsit.* Defendant brings error. Reversed, and no new trial granted. The facts are stated in the opinion.

*Montgomery & Bundy*, for appellant, contended for the doctrine stated in the opinion, and cited the authorities therein cited.

*F. S. Wigent* and *Charles M. Weaver* (*Stuart, Knappen & Weaver*, of counsel), for plaintiff, contended:

1. A receipt or acknowledgment of payment is not conclusive of the fact; citing *McAllister v. Engle*, 52 Mich. 56; and the doctrine that a receipt may be explained, and what it was intended to cover shown, is elementary; citing *Hart v. Gould*, 62 Mich. 262; *Railroad Co. v. Dunham*, 30 Id. 128; *Powell v. Powell*, 52 Id. 432.

2. An examination of the authorities cited in support of the claim of plaintiff's estoppel will show that they do not support the claim.

GRANT, J. Plaintiff was one of the night watchmen in one of the defendant's horse barns, and as such was employed from December 3, 1888, to September 19, 1889. The contract was for $1.35 per night. He was paid each half month at that rate. After the termination of his service, he brought this suit to recover for extra hours above ten hours per day, basing his right of recovery upon Act No. 137, Laws of 1885, making ten hours a legal day's work in factories, workshops, etc. The suit was tried before the court without a jury, and judgment rendered for plaintiff.

Several questions are raised by the record, but the view taken by this Court renders a determination of but one necessary. The following facts were found by the court: Plaintiff had formerly been in the employ of defendant under a written contract in the same employment, by which he agreed to and did work at a given price per day, waiving all claim for extra time. Shortly before his employment the second time, plaintiff met defendant's assistant superintendent, and applied for employment. This officer referred him to the barn foreman, who had authority to employ men. Plaintiff went to this foreman, and was engaged for the service and at the price above named. The contract was verbal. During the conversations at and previous to the contract, nothing was said about the number of hours to constitute a day's work. Plaintiff, the assistant superintendent, and the foreman all knew that it was the absolute custom and invariable rule that the employés should work as many hours as the convenience or business of the company demanded for the pay agreed on as one day's pay. Plaintiff's account was made up every half month upon this basis, settled, and

receipt given. Several times he gave written orders upon defendant for his half-monthly pay, specifying the number of days, and the amount, each time figuring at $1.35 per day. Each receipt contained the following:

"I acknowledge to have received from the Street Railway Company of Grand Rapids the amount opposite my name, * * * in full of all demands for work done during the regular and irregular working hours in the service of said company up to and including the date of this pay-roll."

Plaintiff had not read this, nor had it been read to him until the last receipt was given, when he left defendant's employ, when the receipt was read to him before he signed it, and he said he understood it, and the meaning of the words used therein. Plaintiff, during his service, made no claim for any extra pay. While it is not expressly found as a fact, yet it is evident that plaintiff knew that the authority of the assistant superintendent and foreman to employ men was limited to so much per day, regardless of the number of hours' work.

There are two fatal objections to plaintiff's right to recover:

1. He contracted with knowledge of and with reference to the invariable custom and rule of the defendant, and the limitation of authority given to its officers. His contract therefore was to work without reference to the number of hours to constitute a day's work.

2. The final settlement, when the receipt was read to him, covered all claims for extra time, and not for the time covered by the last pay-roll, as found by the circuit judge. He settled twice a month, and these settlements were binding upon him. If he had any claim for overtime he should have insisted upon it when these settlements were made. He kept silent as to his rights, if he had any, when he should have spoken. The law now

estops him from speaking. Law is founded in common sense and common honesty. Measured by these principles, plaintiff's claim is absolutely destitute of merit or legal standing. The judgment is in direct conflict with the rule so often recognized in this Court. *Reid v. Ladue,* 66 Mich. 22 (32 N. W. Rep. 916); *Gingrass v. Iron Cliffs Co.,* 48 Id. 413 (12 N. W. Rep. 633); *Cicotte v. Wayne Co.,* 59 Id. 510 (26 N. W. Rep. 686); *Perry v. Cheboygan,* 55 Id. 250 (21 N. W. Rep. 333); *Manley v. Saunders,* 27 Id. 347; *Faxton v. Faxon,* 28 Id. 161; *Truesdail v. Ward,* 24 Id. 135.

It is very doubtful if the statute covers employment such as the plaintiff was rendering, but upon this we express no opinion.

Judgment reversed, with costs of both courts, and no new trial ordered.

CHAMPLIN, C. J., MORSE and CAHILL, JJ., concurred. LONG, J., did not sit.