COLEMAN v. UNITED STATES.

(District Court, D. Kentucky. June 1, 1897.)

No. 5,298.

LEGAL DAY'S WORK—RIGHT OF ACTION FOR ADDITIONAL HOURS.

One employed as a laborer in the service of the United States, at a given monthly salary, who, without objection, works at such employment more than eight hours each day, and who, without protest, accepts the agreed monthly pay, has no right of action against the government for additional compensation for such extra hours of labor, in the absence of an express contract therefor.

C. G. Hulsewede and L. A. Douglass, for plaintiff.
W. M. Smith, for the United States.

BARR, District Judge. In this case the plaintiff alleges that:

"On the —— day of February, 1888, he was employed as a laborer on a dredge boat on the Louisville & Portland Canal, in the state of Kentucky, for the United States, at a salary of $40 per month, and continued to discharge the duties of such position as laborer on said dredge boat at said place and at said salary until the 3d day of September, 1890, when he was relieved from duty on said canal, and he has not done any work for the United States since that time. That, during the time above referred to, he discharged the duties of laborer on said dredge boat, and was so employed and performed the duties of said laborer, and that he was compelled to, and did, work and labor as such laborer during each and every day of said time, Sundays excepted, and was on duty and worked each day for ten hours, and not less. That he never had any special agreement or contract with the United States, or with any of its officers, department officials, or representatives, that he was to work or be on duty for ten hours per day for the same sum per month as specified above, nor did he ever agree to work ten hours a day for the same amount of salary and pay as for eight hours a day. That, contrary to law, he was compelled to, and did, work, and was on duty, each day of said time, Sundays excepted, for two hours longer than a legal day's work, to wit, eight hours per day; and the United States then and there received the benefit and accepted his said two hours of labor during each day of his said time, Sundays excepted. The United States

then and there became indebted to the petitioner upon an implied contract for the value of said two hours additional work and labor during said time. That said additional labor so received during said time was and is of the value of $1,000. Said sum is still due and unpaid."

To this petition the United States have filed a general demurrer. Section 3738, Rev. St., declares: "Eight hours shall constitute a day's work for all laborers, workmen and mechanics who may be employed by or on behalf of the government of the United States;" and the question under this demurrer is whether or not this provision of the law gives the petitioner, Coleman, a right of action for the extra time over the eight hours per day for which he was employed.

The supreme court, in U. S. v. Martin, in considering this statute, say:

"We regard the statute chiefly as in the nature of a direction from the principal to his agent that eight hours is deemed to be a proper length of time for a day's labor, and that his contract shall be based upon that theory. It is a matter between the principal and his agent, in which a third party has no interest." 94 U. S. 404.

Subsequent to this employment, to wit, by an act approved August 1, 1892, congress declared that "the service and employment of all laborers and mechanics * * * upon any of the public works of the United States * * * is hereby limited and restricted to eight hours in any one calendar day, and it shall be unlawful for any officer of the United States * * * or any such contractor or subcontractor whose duty it shall be to employ, direct, or control the services of such laborers or mechanics, to require or permit any such laborer or mechanic to work more than eight hours a day, except in case of extraordinary emergency," and prescribes that the person who violates this provision of the law shall be guilty of a misdemeanor, and punished upon conviction. The provisions of this act, however, do not have any application to the case at bar, as all contracts made prior to its passage are expressly excluded, but it (the act) is material in considering how congress construed the act of 1868 (which is now section 3738), and shows, we think, quite clearly that that act was never intended to give the laborer or workman or mechanic a right of action, or to raise an implied contract, if they should work more than the time.

The fact, as alleged, that this party was paid a salary of $40 a month, and there being no allegation that the money was not received regularly, and no allegation that he protested either at the time of receiving the money or during the time when the work was performed, precludes, we think, any right of action now. The mere allegation of the petition that he never made any special agreement or contract with the United States, or with any of its officers, that he was to work or to be on duty for ten hours per day for the sum specified, nor that he ever agreed to work for ten hours per day for the same amount of salary and pay as for eight hours, is not sufficient to raise an implied contract, and give him a right of action for the extra two hours per day. Even if the construction of the statute herein indicated is too broad, and the petitioner is entitled to its benefit, he would have no right of action now, since the government or its agents should have had notice, by protest or objection, that the petitioner, who had

agreed to labor at the salary of $40 a month, claimed that the agreement required that he should only work eight hours a day of each day for the month. Gordon v. U. S. (a recent case in the court of claims, decided April 6, 1896) 31 Ct. Cl. 254. We conclude as the statute did not make a contract between the United States and the petitioner that a day's work should be eight hours, and that the receipt of the money, the $40 a month, as compensation for his month's labor, precludes any recovery now.

The statute under consideration is quite different in its terms from the act of May 24, 1888, as to mail carriers. The provision of that act is that:

"Hereafter eight hours shall constitute a day's work for letter carriers in cities and postal districts connected therewith, for which they shall receive the same sum as is now paid for a greater number of hours. If any carrier is employed a greater number of hours than eight he shall be paid for the same in proportion to the salary now fixed by law."

This statute clearly gives the right of compensation to the carrier for the extra time, and directs its payment; and it was so decided in U. S. v. Post, 148 U. S. 125, 13 Sup. Ct. 567. The act of 1868 had no such provision, and was not a contract between the government and its laborer that eight hours shall constitute a day's work. It did not prevent the government from making agreements, either express or implied, by which a day's labor could be more or less than eight hours a day; nor does it prescribe the amount of compensation for that or any other number of hours' labor. This is clearly decided in U. S. v. Martin, supra. We conclude, therefore, that the demurrer should be sustained.