## TIMMONDS v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. February 16, 1898.)

### No. 415.

1. CLAIMS AGAINST UNITED STATES—LIMITATION.
   One suing the government, under the act of March 3, 1887, providing for bringing suits against the United States, is barred as to any part of his demand arising over six years before filing his petition.

2. SAME — GOVERNMENT EMPLOYES—EIGHT-HOUR LAW—EXTRA COMPENSATION.
   Rev. St. § 3738, providing that "eight hours shall constitute a day's work for all laborers, workmen and mechanics" employed by the government, is a mere direction by the government to its agents, not a contract with its servants, and gives the latter no right to extra compensation for working more than eight hours a day. U. S. v. Martin, 94 U. S. 400, followed.

In Error to the Circuit Court of the United States for the District of Indiana.

This was a petition by Richard H. Timmonds against the United States to recover compensation alleged to be due for working overtime as a government employé. In the circuit court judgment was given for the defendant, and the plaintiff sued out this writ of error.

Laurent A. Douglass, for plaintiff in error.

Frank B. Burke, for defendant in error.

Before WOODS, JENKINS, and SHOWALTER, Circuit Judges.

JENKINS, Circuit Judge. The plaintiff in error, Richard H. Timmonds, on June 24, 1895, filed his petition in the court below, alleging (1) that from December, 1866, to April 30, 1887, he was employed at various times by the United States as station engineer at the Jeffersonville depot, quartermaster's department, at a specified salary per month, varying from time to time, and ranging from $50 to $125 per month, and at the latter date was discharged from service; (2) that from December 7, 1889, until September 1, 1893, he was so employed at $75 per month, and at the latter date was again discharged from service; (3) that during all the time of such service he was compelled to work 12 hours a day during each day of such service, without any special agreement that he should work 12 hours each day, or should render such service for the same amount of pay as for 8 hours a day; (4) that he was so compelled to work in excess of 8 hours a day contrary to law, and that the United States received and accepted the benefit of his additional 4 hours of labor during each day of that time. He prayed judgment for the value of his labor in excess of 8 hours a day. The court struck out of the petition all that part claiming compensation for services rendered prior to June 24, 1889, and afterwards sustained a demurrer to the petition as it stood after striking out part of it.

We are of opinion that the court below properly struck out of the petition all allegations relating to services prior to June 24, 1889. Subdivision 2 of section 1 of the act of March 3, 1887 (24 Stat. c. 359, p. 505), entitled "An act to provide for the bringing of suits against the government of the United States," provides that "no suit against the government of the United States shall be allowed under this act unless the same shall have been brought within six years after the right accrued for which the claim is made." The demurrer to the petition embracing the claim for extra hours of service from December 7, 1889, to September 1, 1893, was also properly sustained. The right to recover for such services is predicated upon the act approved June 25, 1868 (15 Stat. c. 72, p. 77), which, as embodied in the Revised Statutes (Rev. St. § 3738), provides: "Eight hours shall constitute a day's work for all laborers, workmen and mechanics who may be employed by or on behalf of the government of the United States." It is urged that under this provision any laborer, workman, or mechanic who labors in the service of the United States more than eight hours a day may recover as upon a quantum meruit for the value of the extra time so given to the service, irrespective of the contract of employment. This statutory provision has passed under the scrutiny of the supreme court in U. S. v. Martin, 94 U. S. 400. It was there ruled that the provision in question is in the nature of a direction by the government to its agents, and is not a contract between the government and its servants; that it does not specify what sum shall be paid for the labor of 8 hours, nor that the price shall be larger when the hours are more, or smaller when the hours are less; and that, being in the nature of a direction from the government to its agents, it does not constitute a con-

tract to pay its servants for the excess of time employed. In the case before us, we take it the allegation that the petitioner was compelled to work for .12 hours a day was not intended to mean involuntary or compulsory service beyond the 8 hours a day, but that the work he undertook required that period of service at a stipulated monthly compensation. He was under no compulsion. He could have abandoned his service if it proved distasteful or onerous. Continuing, however, in a service which required 12 hours of time each day at a stated compensation per month, he is not entitled to recover as upon an implied contract for the service in excess of 8 hours a day. The act being construed to be merely a direction to the employing officer of the government does not furnish grounds of recovery for the supposed excessive service, nor confer any right upon or interest in the servant. It is otherwise with respect to letter carriers, because the act with respect to them expressly provides that they shall be paid for the extra time in proportion to the salary fixed by law (U. S. v. Post, 148 U. S. 124, 13 Sup. Ct. 567), a provision wanting in the act under consideration. The judgment appealed from is affirmed.