DAVIS v. DETROIT BOAT WORKS.

MASTER AND SERVANT—WEEKLY SETTLEMENTS—RECEIPTS—CLAIM
FOR OVERTIME.

Where an employé kept no account of overtime, which he
claimed he was entitled to for five years, but settled with his
employer weekly, and gave receipts in full, and, at the time of
his final settlement, presented a statement of the overtime of
the employés under him, but rendered no account for his own
overtime, and for the first time mentioned his claim to an
agent of his employer nearly four months after he had left the
employment, his settlements and receipts are binding upon
him, and bar a recovery of compensation for overtime.

Error to Wayne; Frazer, J. Submitted June 7, 1899.
Decided September 19, 1899.

*Assumpsit* by Mark George Davis against the Detroit
Boat Works for services rendered. From a judgment for
defendant on verdict directed by the court, plaintiff brings
error. Affirmed.

Plaintiff continued in the employ of the defendant for
the years 1893 to 1897, inclusive. He was employed at
the rate of $2.50 a day, or $15 a week, except once, in the
winter of 1896–97, he testified that he was to receive $7.50
a week, but this was to be made up to him in the summer.
During all these years he was paid every week by Mr.
McMillan, the treasurer of the company, and gave his re-
ceipt therefor for $15 per week, except during the time he
agreed to work for $7.50 a week, when he gave a receipt
in full for $7.50 for the week's work. He left the employ
of the company in September, 1897, and between three
and four months thereafter, for the first time, presented a
bill for overtime covering all these years; claiming from
$29 to $74 each year, and also claiming the $7.50 per
week during the winter of 1896–97. After his return

from Ithaca, N. Y., he made out his statement to Mr. McMillan of the overtime of the employés under him, and of his own expenses upon that trip, but neither made any account of his own overtime nor said anything about it. He tries to excuse his conduct by saying that his arrangement was with Mr. Ballin. He admits that he never mentioned the question of overtime to Mr. Ballin. He simply told Mr. Ballin that he had some accounts, and wanted to put them all in together and settle them up some time, but did not tell him what they were about or what they were; simply said he "had some accounts he wanted to settle with him."

*James Cosslett Smith, Jr.* (*Otto Kirchner*, of counsel), for appellant.

*Barbour & Rexford,* for appellee.

GRANT, C. J. (*after stating the facts*).   I think the instruction was correct.   He is bound by his settlements. He knew that Ballin did not settle with or pay him.   The settlements and receipts were binding upon him, and bar recovery.   He kept silent when he should have spoken. The law estops him to speak afterwards.   No better illustration of the wisdom of this rule can be found.   For five years plaintiff claimed he was entitled to overtime, but kept no accounts.   He settled with his employer weekly, and meanwhile to no agent of his employer did he mention this claim until nearly four months after he had left its employ.   I think the case is clearly within the principles enunciated in *Bartlett* v. *Railway Co.*, 82 Mich. 658, and *Brighton* v. *Railway Co.*, 103 Mich. 420.

The judgment must be affirmed.

The other Justices concurred.