LACHINE *v.* MANISTIQUE RAILWAY CO.

EMPLOYMENT—EXTRA SERVICES—SETTLEMENT—ESTOPPEL.

*Plaintiff kept a boarding house for the defendant for 57 months, for which she was paid monthly, presenting an account each month. After leaving the defendant's employ, she presented a claim for services for attending a telephone which was kept at the boarding house for the use of the defendant, the plaintiff, and boarders, and for which she had made no claim while in defendant's employ. *Held,* that she was estopped to maintain the claim.

Error to Alger; Steere, J. Submitted February 14, 1901. Decided May 7, 1901.

*Assumpsit* by Abigail J. Lachine against the Manistique Railway Company for services rendered. From a judgment for plaintiff, defendant brings error. Reversed.

In August, 1894, the plaintiff undertook to keep the boarding house of the defendant at camp 1, under an arrangement whereby she was to run the boarding house, and receive for boarding the men in defendant's employ $15 per month, which amount was deducted from the earnings of the men, and paid to the plaintiff each month, through the general office of the defendant. Under this arrangement she remained at camp 1 10 months, or until June, 1895, when she removed to another boarding house of the defendant, known as "Camp 9," where she remained 2½ years, or until the fall of 1897, when she removed to another of defendant's boarding houses, 1½ miles distant, known as the "Beavers," where she remained until May, 1899, when she quit the defendant's employ; making in all 57 months' continuous service, 47 of which was put in at camp 9 and the Beavers.

*Head-note by GRANT, J.

The defendant at the time operated a logging railroad from Germfask to Grand Marais, the stations of which were mostly camps and boarding houses, in each of which was placed a telephone; and it was the custom of the defendant to have the inmates of these boarding houses or camps answer and use the telephone, so used in connection with the operation of its general business. The keepers of these boarding houses were given what they could make from boarding the employés at $15 per month, together with the free rent of the buildings, the free use of firewood, telephone, and transportation over the road. The services performed by the plaintiff were practically the same at each of said places. She sent in her accounts for boarding the men each month during this time, and received from the defendant monthly settlements for the same. She makes no charge for attending the telephone at camp 1 during the 10 months she was there, but seeks to recover $1 per day for attending the telephone during the 47 months which she put in at camp 9 and at the Beavers.

The plaintiff rendered no bill to the defendant for her services in attending the telephone during the 57 months she remained in such service, but did each month render her statements for keeping the boarders, and each month received her pay therefor. When asked on the direct examination what services she performed for defendant, she replied, "Serving telephone, keeping boarders, and section work." Strangers were allowed to use the telephone, and when they did they paid for it. On one occasion she had collected in this way $1.50. When she offered to pay it to the proper officer of the defendant, he told her to keep it, saying that he thought she had earned it. After quitting the defendant's employ, she sent in an account for attending its telephone 47 months, and upon its refusal to pay the same she brought this action, and recovered judgment.

*C. W. Dunton* and *W. J. O'Brien*, for appellant.

*F. H. Peters*, for appellee.

GRANT, J. (*after stating the facts*). This case is controlled by *Bartlett* v. *Railway Co.*, 82 Mich. 658 (46 N. W. 1034), and authorities there cited. See, also, *Forster* v. *Green*, 111 Mich. 264 (69 N. W. 647); *Goodson* v. *Detroit Board of Health*, 114 Mich. 345 (72 N. W. 185).

Judgment reversed, and no new trial ordered.

The other Justices concurred.