## O'BOYLE *v.* CITY OF DETROIT.

131    15
142    1  40
d142    41
f142  685,

131    15
f148  2528

1. MUNICIPAL CORPORATIONS— EMPLOYÉS—COMPENSATION — OVER-TIME.

Where the board of park commissioners of a city has by resolution constituted a certain number of hours a day's work for its employés, a person hired by the board, with no express agreement as to the number of hours he should work, is entitled to reasonable compensation for working overtime. GRANT, J., dissenting.

2. SAME—EVIDENCE—WAIVER.

Where an employé of a city has for several months accepted weekly his daily wages without making any claim for overtime, testimony that the superintendent over him, who had no authority to fix wages, knew that he expected to receive pay for overtime, and told him that he would be paid for it, is admissible for the purpose of negativing any waiver by the employé. GRANT, J., dissenting.

Error to Wayne; Hosmer, J. Submitted April 23, 1902. (Docket No. 117.) Decided June 3, 1902.

*Assumpsit* by Terrence O'Boyle against the city of Detroit for work and labor. From a judgment for plaintiff, defendant brings error. Affirmed.

Plaintiff was employed by the board of park and boulevard commissioners of the city of Detroit on May 15, 1897, as driver of one of the park phaetons. He remained in that service until September 27, 1897, when he was dismissed. He was employed again a short time in the month of October. He was paid weekly. He and other drivers were paid by the day, regardless of the amount of work done. The number of hours worked depended upon the condition of the weather. If they worked only a few hours or half a day, they were paid for a day's work. The park board that year adopted a resolution constituting nine hours a day's work for all its employés. The pay was $1.50 a day. The treasurer of the park board paid plaintiff and the other employés weekly at that rate. Plaintiff made no claim to either of the commissioners for overtime. He testified that he was told by Mr. Bolger, the superintendent of the park, that he would get pay for his overtime, and that Mr. Bolger told him to keep an account of it. Mr. Bolger absolutely denies this. After his service was ended, plaintiff claimed to have worked 310¾ hours overtime, and brought this suit to recover. He obtained verdict and judgment.

*P. J. M. Hally* (*Timothy E. Tarsney*, of counsel), for appellant.

*James McNamara* and *Frank C. Cook*, for appellee.

GRANT, J. (*after stating the facts*). Mr. Bolger, the superintendent, had no authority to fix the wages to be paid plaintiff. That was, by the charter, intrusted solely to the board of park commissioners. No express contract as to wages appears to have been made, but his receiving

pay at $1.50 a day fixed the contract price. It was the duty of the plaintiff to make his contract with the proper city authorities, and, if he desired to claim overtime, he should have made arrangements with the commissioners. I think the case is clearly ruled by *Bartlett* v. *Railway Co.*, 82 Mich. 658 (46 N. W. 1034), and *Davis* v. *Boat Works*, 121 Mich. 261 (80 N. W. 38). See, also, *Timmonds* v. *U. S.*, 28 C. C. A. 570, 84 Fed. 933. In *Bartlett* v. *Railway Co.*, plaintiff sought to recover for overtime because the statute fixed the number of hours for a day's labor. In this case plaintiff seeks to recover because the board of park commissioners had fixed the number of hours for their employés. The two cases are the same in principle. Plaintiff's contract plainly was, as shown by the conduct and acts of the parties, to act as a phaeton driver at the sum of $1.50 per day. He could not recover for working more than nine hours a day, unless he had a contract with the board of park commissioners to that effect, which he did not have.

I think the judgment should be reversed.

MONTGOMERY, J.    I think the judgment in this case should be affirmed. Under the instructions of the learned circuit judge the jury must have found that there was an employment of the plaintiff by the park board, and that there was no agreement in fact that the plaintiff should work more than nine hours a day for the compensation paid him. The circuit judge charged the jury as follows:

"Now, you have listened to this testimony in that regard, and his testimony was that he understood that there was a rule of nine hours when he entered into the employment of the board. I say a rule of nine hours; I mean that nine hours constituted a day's work, and that additional work after the nine hours had elapsed he was to receive further compensation for. If that was in the mind of both parties as the measure of his wages, then that must govern, and he would be entitled to receive a reasonable sum for any additional labor that he performed over and above the nine hours of each day. If, however,

on the other hand, with reference to the drivers, they were compensated a dollar and a half a day, and some days were long and 'some were short, then, under those circumstances, of course, he would not be entitled to receive that amount."

The testimony of the plaintiff that the park superintendent had knowledge that he expected to receive pay for overtime, and that he in fact advised him to keep the time, and assured him that he would be paid, while not competent to make a contract,—as it does not appear that Mr. Bolger had the authority to make a contract which would bind the city,—is of force as negativing any waiver by the plaintiff of his right to receive compensation for overtime, and also as negativing any assent in the first instance to a contract for a longer day than nine hours. The plaintiff's contention in this respect is also supported by the testimony that other employés in the same line of work, employed by the city in the park, were paid for overtime. As the case presents itself, then, the park board had authority to employ drivers of phaetons, and plaintiff was so employed. Shall it be said that, if there was no distinct agreement as to what his compensation was to be, he is not to be paid at all? The case is unlike *Bartlett* v. *Railway Co.*, 82 Mich. 658 (46 N. W. 1034), and *Davis* v. *Boat Works*, 121 Mich. 261 (80 N. W. 38), in that there was never any settlement or adjustment between the parties; and, according to the plaintiff's version, so far from the defendant's officers having the right to infer from his conduct that he was not making claim for overtime, the exact reverse is true as to the superintendent, and it cannot be said that the plaintiff waived his right to full compensation.

HOOKER, C. J., and MOORE, J., concurred with MONTGOMERY, J. LONG, J., did not sit.