McRAE *v.* UNION TRUST CO.

EVIDENCE—PAROL EVIDENCE TO EXPLAIN WRITTEN RECEIPT—ADMISSIBILITY.

Where plaintiff, the lessee of a safety deposit box, signed certain papers certifying that all his property stored in the vault had been withdrawn, and releasing the defendant depository from liability, testimony explaining the circumstances under which the papers were signed by him, and showing that they did not constitute a defense to an action to recover the amount expended by plaintiff in recovering valuable bonds taken without authority by plaintiff's stepson, *held*, admissible.

Error to Wayne; Codd (George P.), J. Submitted April 21, 1920. (Docket No. 17.) Decided June 7, 1920.

Case by John A. McRae against the Union Trust Company for wrongfully allowing access to a safety deposit box. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*James Swan,* for appellant.

*Campbell, Bulkley & Ledyard* (*Wilson W. Mills,* of counsel), for appellee.

MOORE, C. J. It is the claim of the plaintiff that in November, 1915, he rented from the defendant a safety deposit box and paid therefor the annual rental, that said box was taken in the name of John A. McRae and Flora McRae, his wife, and that no other person had the right of access to said box without the written consent of either of them, that plaintiff kept in said box certain bonds and more particularly 10 bonds of the Niagara Falls Power Company of the value of

On the general rule that parol evidence is not admissible to vary, add to, or alter a written contract, see note in 17 L. R. A. 270.

$10,000; that Flora McRae, his wife, died on the 11th day of May, 1916, leaving her husband, John A. McRae, and one son by a previous marriage, William D. West; that after the death of his wife the appellant notified the Union Trust Company of her death; that prior to the death of his wife, she had, unknown to the plaintiff, taken her son to the Union Trust Company and had his name placed upon the card; that on the 15th day of May, 1916, the defendant permitted the said William D. West to enter the safety deposit box numbered 1,447 and that he took away therefrom 10 bonds of the value of $10,000 of the Niagara Falls Power Company; that appellant immediately notified the Union Trust Company, and hired detectives and attorneys and expended the sum of $1,844.46 to recover the bonds. This action was begun for the purpose of recovering the money so expended.

The defenses interposed were:

(1) That the said William D. West was on or about the 30th day of March, 1916, duly and properly given by the lessees of safe box 1,447 the right of access thereto.

(2) That the defendant if it ever became liable as set forth in the plaintiff's declaration, its liability has been released by virtue of two instruments in writing, the first dated June 15, 1916, and the second dated December 5, 1917, each of the said releases being in the following form to wit: "I hereby certify that all the property placed or stored in the safety deposit vault of the Union Trust Company, Detroit, in pursuance of the letting above mentioned has been withdrawn therefrom and is now in the owners' sole possession, all claims against and liability of said company, therefore, being waived accordingly," which were signed by the plaintiff.

During the trial, while the plaintiff was being examined, the above mentioned papers were called to his attention, and were introduced in evidence by the defendant.

Plaintiff's counsel sought to show by him the circumstances under which these papers were signed by him, for the purpose of showing they did not constitute a defense to the suit. Objection was interposed. The record shows:

"*The Court:* I will sustain the objection on the ground that such testimony would tend to vary the terms of a written instrument.

"*Mr. Swan:* A receipt can always be explained; that is elementary.

"*The Court:* It may be explained, but I don't think it can be contradicted.

"*Mr. Swan:* Yes, it is possible to contradict a receipt or the terms of it—that is the theory upon which I asked the question.

"*The Court:* I will sustain the objection. * * *

"*The Court:* Well, I should like to see your authorities on that. That is not the way I understand the law.

"*Mr. Swan:* Then the ruling of the court is that no testimony will be allowed to vary Exhibit 2?

"*The Court:* I think so.

"*Mr. Mills:* You will grant my motion to strike from the record all testimony in the case contradicting the terms of this instrument?

"*The Court:* Yes."

The court, a little later upon motion of the defendant, directed a verdict for the defendant. The case is brought here by writ of error.

Counsel for the defendant now urge that, even though the trial judge gave a wrong reason for his action, it ought to be sustained, as what was done constituted a contract based upon a consideration, to wit, the surrender of one deposit box and giving the use of another. There is difficulty in sustaining this contention growing out of the meagerness of the testimony upon the record as made.

In *Bidwell* v. *Railway Co.*, 148 Mich. 524, Justice MONTGOMERY, speaking for the court, said in part:

"The circuit judge charged the jury as to the question of the pay roll as follows:

" 'If you find that those conditions afford plaintiff a reasonable opportunity to see and know the purport and effect of these receipts, then the plaintiff cannot recover. In this connection you are to consider the conditions under which he signed. You are to determine whether the methods employed by the officers in charge of the car gave him a reasonable opportunity to know the statements at the head of the column. If you find that he had no such reasonable opportunity, then the receipt does not bind the plaintiff.'

"We think, in view of the testimony of plaintiff that he from time to time spoke to Mr. Waters about his overtime, that it was a question for the jury as to whether he in fact understood that he was receiving payment in full each month."

See *Hicks* v. *Leaton,* 67 Mich. 371; *Title Guaranty & Surety Co.* v. *Indemnity Co.,* 167 Mich. 535; and *Paddock* v. *Hatch,* 169 Mich. 95.

We think the court erred in excluding the testimony of the plaintiff and in directing the verdict.

The case is reversed and new trial ordered, with costs to the plaintiff.

STEERE, BROOKE, FELLOWS, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.