31041.   CHAMBERS *v.* W. L. FLORENCE CONSTRUCTION COMPANY.

DECIDED NOVEMBER 16, 1945.

174

*J. G. Roberts, James Maddox,* for plaintiff.

*II. C. Schroeder, George D. Anderson,* for defendant.

GARDNER, J. ■ If it may be conceded that the plaintiff was a laborer within the meaning of the act in question, and was thereby entitled to the specifications of wages for overtime and Sundays, still he would not be entitled to recover under count 1 of this petition for the reason that he did not bring himself under the provisions of the act (40 U. S. C. A., §§ 276, 276 a-1), as contained in the contract under article 17, section a, as follows: "All mechanics and laborers employed directly upon the site of the work." The evidence shows that the plaintiff worked on a different site from 300 yards to a quarter of a mile from the site of the airport. The court did not err in granting a nonsuit as to count 1.

■ (a) Let us then inquire whether the plaintiff was entitled to recover under count 2 of his petition. It will be noted that the amendment to this count states that under the plaintiff's contract of employment he was to work seven days in each week and twelve hours each day and was to be paid therefor 50 cents per hour for the first forty hours of each week and seventy-five cents per hour for all hours of work over and above the forty hours. The evidence of the plaintiff does not sustain such a contention. He testified: "I made my contract or agreement with Mr. Wingo, the superintendent. My contract with Mr. Wingo was that I was to be paid $25 per week straight time. I was to work seven days each week." The plaintiff further testified: "I hired to Mr. Wingo and worked under him. My contract with Mr. Wingo was for $25 per week, and I was to work twelve hours each night." Again, he testified: "As to whether or not I ever complained about getting more money than I hired for, I never did say anything about it. As to whether I ever made but the one contract with Mr. Wingo or anybody else, well, that was all that was necessary." The plaintiff also testified: "I was

supposed to have been on a salary. I was hired on a straight salary, but he paid me on an hour basis on my pay check. As to whether or not I made any complaint to anybody there about the work I did where I worked, or the amount I was paid, up until I filed this suit—well, I had no complaint to make, because I knew what my job was, what I was hired under, and how they were paying me." The plaintiff thus makes it clear in his testimony that his contract of employment was not such a contract as he alleged in the amendment to count 2 of his petition. Therefore he did not prove his contract as alleged. The allegata and probata do not agree. This being true, he is not entitled to recover under this count. In *Williams* v. *Western & Atlantic Ry. Co.*, 20 *Ga. App.* 726 (93 S. E.· 555), this court said: "The case pleaded was not proven, and the case proven was not pleaded, and the court properly granted a nonsuit." See also *Ruth* v. *Savannah Electric Co.*, 20 *Ga. App.* 672 (93 S. E. 499); *Jones* v. *DeKalb Supply Co.*, 34 *Ga. App.* 489 (130 S. E. 371); *Herrington* v. *Spell*, 48 *Ga. App.* 802 (2) (173 S. E. 870).

But the plaintiff contends that, since the defendant paid him in accordance with his pay slip fifty cents per hour for less hours than he actually worked, he should be entitled to recover at the rate of fifty cents per hour for the hours he worked in excess of the hours shown on the pay slip. We are unable to agree with this contention that a mere matter of bookkeeping, where the system shows a certain number of days worked at fifty cents per hour and certain overtime pay of seventy-five cents per hour, with deductions for security and victory tax, would be sufficient to carry the case of the plaintiff to a jury. The plaintiff contends that this contention of his is further fortified by the fact that he received more than his contract price of $25—that is, he received $25.25 per week. The Supreme Court said in *Willingham Sash & Door Co.* v. *Drew*, 117 *Ga.* 850 (45 S. E. 237): "Where one undertakes to perform for another service or labor for a given sum, any amount paid in excess of that sum, not based upon a new consideration, is a mere gratuity." The plaintiff himself testified that he performed the work which he was to do, under his original agreement or contract of employment. Nowhere in the evidence of the plaintiff is there any consideration at all on which

to base a greater amount due him than $25 per week straight time.

(b) We deem it pertinent also to call attention to another phase of the case which might be considered as to the first count as well as the second. That phase is this: The plaintiff received the $25.25 without any complaint whatsoever until he filed suit against the defendant. As analogous and illustrative of the law applicable to this phase of the case, we call attention to Coleman v. United States, 81 Fed. 824, wherein this was said on the subject before us: "One employed as a laborer . . of the United States, at a given monthly salary, who, without objection, works at such employment more than eight hours each day, and who, without protest, accepts the agreed monthly pay, has no right of action against the government for additional compensation for such extra hours of labor, in the absence of an express contract therefor."

In our view and for the reasons set forth for them, the plaintiff was not entitled to recover under either count of his petition, and the court did not err in granting a nonsuit for any of the reasons assigned.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*