**CHAMBERS v. W. L. FLORENCE CONST CO. et al.**

Civ. No. 2945.

United States District Court
N. D. Georgia
Atlanta Division.
Feb. 25, 1947.

846

James Maddox, of Rome, Ga., for plaintiff.

H. C. Schroeder, of Marietta, Ga., and Albert E. Mayer, of Atlanta, Ga., for defendants.

E. MARVIN UNDERWOOD, District Judge.

Alleging that he was employed by defendants from August 1, 1943 to December 29, 1943 as a watchman at a basic rate of fifty cents per hour in the construction of an airport in Floyd County, Georgia, under Project No. 904–9–40 of the Administrator of Civil Aeronautics of the United States Department of Commerce, and worked twelve hours a day seven days a week, petitioner sues to recover $742.08 as wages claimed to be due and unpaid. Predicating his action upon the Eight Hour Acts, Labor, 40 U.S.C.A. §§ 324, 325, 326, 325a, and Executive Order No. 9240, 40 U.S.C.A. § 326 note, petitioner contends that he was paid for only forty-seven hours each week and received no payment whatever for the additional thirty-seven hours he worked, as to which he claims he was entitled to receive 75 cents an hour for twenty-five hours and $1 per hour for twelve hours, being one and one-half times the basic rate for overtime on regular work days and double the basic rate for Sundays.

A former action in the State courts involving the same cause resulted in a judgment adverse to petitioner. Chambers v. W. L. Florence Construction Company, 73 Ga.App. 172, 36 S.E.2d 69.

At the conclusion of all the evidence, defendants moved to dismiss the action upon the ground that the Eight Hour Acts (Labor) confer no jurisdiction upon the District Courts of the United States to hear and determine actions such as the instant suit and that this Court does not have jurisdiction under any other provision of law because diversity of citizenship and jurisdictional amount are lacking. Briefs were requested and received from both plaintiff and defendants covering these and other issues of the case.

Apparently conceding that the Eight Hour Acts, Labor, confer no original jurisdiction on the United States District Courts to hear and determine actions by employees against employers thereunder for unpaid wages, and recognizing the absence of diversity of citizenship and lack of jurisdictional amount to vest jurisdiction under other provisions of law, plaintiff insists jurisdiction is lodged in this Court under 28 U.S.C.A. § 41(22) embracing "all suits and proceedings arising under any law regulating the immigration of aliens, or under the contract labor laws." The correctness of this position depends upon whether the Eight Hour Acts fall within the purview of "the contract labor laws" as employed in the above quotation.

"The name 'Contract Labor Law' is generally applied to the act of February 26, 1885 [23 Stat. 332], entitled 'An act to prohibit the importation and migration of foreigners and aliens under contract or agreement to perform labor in the United States, its Territories, and the District of Columbia.' This statute has been supplemented by several subsequent enactments. * * * The present act on the subject is that of February 20, 1907 [34 Stat. 898], as amended by the act of March 26, 1910 [36 Stat. 263]." 2 C.J., § 76, page 1087; 3 C.J.S. Aliens, § 113. These enactments were replaced by the act of February 5, 1917, 39 U.S.Stat. at L. p. 879, c. 29, § 5, and Reorganization Plan No. V, eff. June 14, 1940, 5 F. R. 2423, 54 Stat. 1238, and appear in 8 U.S.C.A. § 139, et seq.

The history of this legislation (see United States v. Craig, C.C., E.D.Mich., 28 F. 795, quoted in Church of the Holy Trinity

v. United States, 143 U.S. 457, 463, 12 S.Ct. 511, 36 L.Ed. 226, and United States v. Laws, 163 U.S. 258, 262, 16 S.Ct. 998, 41 L.Ed. 151) and the context in which the words "under the contract labor laws" appear in 28 U.S.C.A. § 41(22), clearly indicate it is directed to alleviation of the evils resulting from importation of immigrant labor, rather than regulation of wages and hours of work.

This Court has no jurisdiction of the present action.

Whereupon, it is Considered, Ordered and Adjudged that the above stated case be, and the same is, hereby dismissed for want of jurisdiction.