Callahan, J.
The defendants who are Government contractors appeal from a judgment in favor of the plaintiff for overtime wages claimed to be due under the Federal Bight-Hour' Law (TJ. S. Code, tit. 40, §§ 321-326). The plaintiff was employed as a cook in Iraq and Iran, where the defendants were engaged in the building of certain roads and public construction pursuant to contract with the State Department of the United States.
Prior to 1940 the Federal Bight-Hour Law had been authoritatively construed to be in the nature of a statutory direction that eight hours were regarded as a proper day’s work and that Government contracts were to be negotiated on that basis. It had been held that the statute did not confer any right of action for overtime wages upon a workman (United States v. Martin, 94 U. S. 400; United States v. Moses, 126 F. 58; Timmonds v. United States, 84 F. 933; Coleman v. United States, 81 F. 824). It is true that these decisions concerned claims against the United States. However, in respect to the question of statutory construction involved in this case we find no basis for any dis *448 tinction between such cases and the present action relating to a claim against the individual contractors.
In 1940 the Federal statute was amended by the enactment of section 325a (54 U. S. Stat. 884, ch. 717, tit. III, § 303, Sept. 9, 1940; U. S. Code, tit. 40, § 325a), providing as follows: “ § 325a. Same; Computation of wages on basic day rate of eight hours; work in excess of day rate.
“ Notwithstanding any other provision of law, the wages of every laborer and mechanic employed by any contractor or subcontractor engaged in the performance of any contract of the character specified in sections 324 and 325 of this title, shall be computed on a basic day rate of eight hours per day and work in excess of eight hours per day shall be permitted upon compensation for all hours worked in excess of eight hours per day at not less than one and one-half times the basic rate of pay.”
The plaintiff contends that this amendment was intended to change the law so as to confer a right of action for overtime wages. In this connection he calls our attention to United States v. Post (148 U. S. 124), where a recovery was permitted under the Act of May 24,. 1888 (25 U. S. Stat. 157, ch. 308) relating to letter carriers. The Act involved in the Post case (supra), however, specifically provided that these postal employees in the service of the Government should be paid for overtime in excess of eight hours per day in proportion to their regular salary as fixed by law. It is thus apparent that a violation of that statute would give a cause of action to the employees intended to be benefited thereby. It is significant that section 325a on which the plaintiff asserts his right to recover in this case contains no directory provision for payment of overtime compensation and is thus not analogous to the statute involved in United States v. Post (supra). (See Timmonds v. United States, 84 F. 933, supra; Coleman v. United States, 81 F. 824, supra.)
It is to" be noted that the Federal Eight-Hour Law makes any violation thereof punishable as a misdemeanor (§ 322), and further provides that all Government contracts calling for the employment of laborers and mechanics shall contain a provision against requiring or permitting such employees to work more than eight hours per day, with a stipulation for a specified penalty accruing to the Government for each violation of the law (§ 324). Accordingly, it seems -to us that section 325a may well be construed as merely intending to eliminate the criminal liability of an employer prescribed by section 322 and the penalty imposed by section 324 for a workday beyond eight hours, pro *449 vided all hours in excess thereof shall be compensated at 1 y2 times the basic rate specified in the law. This amendment would not necessarily reflect a legislative intent to alter the general purpose of the Federal Bight-Hour Law as it had been construed over a period of many years. To change a law long regarded as merely declarative of public policy and penal in nature into a statute affording to aggrieved employees a remedy by civil action would seem to call for a clearer expression of legislative purpose than has been manifested by Congress in this case. When it intended to create a cause of action for overtime wages, Congress experienced no difficulty in making its intention clear. (See, e.g., Fair Labor Standards Act of 1938, § 16, subd. [b]; IT. S. Code, tit. 29, § 216, subd. [b].) We fail to find any such intention express or implied in the addition of section 325a to the Federal Bight-Hour Law.
In view of this conclusion it becomes unnecessary to consider the other questions presented on this appeal.
The judgment should be reversed, with costs to the appellants, and the complaint dismissed, with costs.
Dore and Cohn, JJ., concur; Peck and Van Voorhis, JJ., dissent and vote to affirm.
Judgment reversed, with costs to the appellants and the complaint dismissed, with costs. Settle order on notice.