## JOUBERT vs. CARLI and another.

*Pleading.—Complaint.*

Under the Code, the allegation in a complaint that plaintiff did work for defendant at an agreed price per day, must be held to import that the work was done after and in pursuance of the agreement.

APPEAL from the Circuit Court for *St. Croix* County.

Action to recover for work and labor. A demurrer to the complaint was overruled; and defendants appealed.

*H. C. Baker*, for appellants.

*Henry A. Wilson*, for respondent.

PAINE, J. This appeal is from an order overruling a demurrer to the complaint. The only objection urged is, that the complaint does not allege that the work, to recover for which the action was brought, was done at the defendants' request. The allegation is that the plaintiff performed the work "for" the defendants, a part " at an agreed price of twenty-six dollars per month," and a part " at an agreed price of three dollars and twenty-five cents per day."

Whether or not this form of allegation would have been held sufficient under the old system of pleading, it is unnecessary to determine. But under the present system it must be so held. Not that under the present system the omission of any substantial element of the cause of action can be permitted, any more than under the former. But the pleader is now relieved from the technical formalities of the old system; and in determining the effect of his pleading, the statute expressly requires that it " shall be liberally construed, with a view to substantial justice between the parties."

In obedience to this rule, the allegation that one has performed work for another at an agreed price per

month, or at an agreed price per day, must be held to fairly import that the agreement was prior to the performance of the work, and that the work was done in pursuance of it. Such is the fair natural import of the language, and it would universally be so understood. Such therefore should be its legal interpretation. The order must be affirmed.

*By the Court.*—Order affirmed.