LITTLEFIELD, Respondent, vs. THE WILLIAM BERGENTHAL COMPANY, Appellant.

*March 17 — April 10, 1894.*

*Hiring: Action for salary: Pleading.*

In an action to recover salary under a written contract dated May 15, 1893, and providing that defendant "agrees to employ and does hereby employ" the plaintiff "for one year commencing on ——," the complaint alleged that plaintiff entered upon the employment and discharged its duties until July 29, 1893, when he was discharged without cause, and that a certain sum was due him for salary under the contract. *Held* sufficient, on demurrer.

APPEAL from the Superior Court of *Milwaukee* County.

Action to recover salary. The complaint alleges that plaintiff made a written contract with defendant, May 15, 1893, whereby he agreed to act as traveling agent for defendant for one year at a salary of $150 and expenses, payable monthly, with a clause providing for thirty days' notice in case defendant desired to discontinue the employment. The complaint further alleged that the plaintiff entered upon his employment and discharged its duties until July 29, 1893, when defendant, without notice and without cause, dismissed plaintiff; and that plaintiff has been unable to secure other employment; that there became due plaintiff from defendant, for salary, on the 29th day of August, $520, no part of which has been paid except $228.30, paid in instalments during the months of May, June, and July, and that the balance of $291.70 is still due; and for this sum judgment is demanded. A copy of the written contract is attached to the complaint. A general demurrer to the complaint was stricken out as frivolous, and the defendant appealed.

The cause was submitted for the appellant on the brief of *Sylvester & Scheiber,* and for the respondent on that of *Rietbrock & Halsey.*

Geilfuss vs. Gates.

Winslow, J. The demurrer was properly stricken out. It is said that the written contract does not fix the time when the plaintiff's employment should begin, and that the complaint fails to allege when the plaintiff entered upon his employment. The position is hypercritical. The contract is dated May 15, 1893, and provides that the defendant "agrees to employ, and *does* hereby employ," the plaintiff as its traveling agent for "one year commencing on ——." It seems to us that the reasonable inference upon this clause would be that the plaintiff's employment commenced at once. But, however this may be, the complaint fairly alleges that the plaintiff entered on his employment and performed the duties thereof at some time prior to July 29, 1893, when he was discharged, and that $291.70 is due him for such services. This may not be as definite and certain as could be desired, but it is certainly sufficient as against a general demurrer.

*By the Court.*— Order affirmed.