RYAN, Plaintiff and Respondent, vs. FIRST NATIONAL BANK & TRUST COMPANY OF RACINE, Administrator, and another, Defendants and Respondents: RACINE FLYING SERVICE, INC., Defendant and Appellant.

*November 4—December 3, 1940.*

For the appellant there was a brief by *Beck, Smith & Heft,* attorneys, and *Howard J. DuRocher* of counsel, all of Racine, and oral argument by *Mr. DuRocher* and *Mr. Lawrence H. Smith.*

*Alfred E. La France* of Racine, for the respondent James Ryan.

For the cross-complaining and counterclaiming respondents there was a brief by *Simmons, Walker, Wratten & Sporer* of Racine, attorneys for the Fidelity & Casualty Company

of New York, and by *Thompson, Myers & Helm* of Racine, attorneys for the First National Bank & Trust Company of Racine, and oral argument by *Harold J. Sporer*.

A brief was also filed by *Flynn, Storms & Greenquist* of Racine, as *amicus curiæ*.

ROSENBERRY, C. J.  Much confusion is introduced into the consideration of this case because of the fact that the demurring defendant does not confine itself to the consideration of the allegations contained in each of the pleadings demurred to.  No attempt is made to make a statement of the facts set out in the complaint.  There is contained in the brief a so-called statement of facts, no reference being made to where the allegations may be found in the case.  Parts of the three pleadings are stated, and then the case is argued as if there was but one pleading in the case.  This is a procedure that is not helpful to the court in the consideration of the questions attempted to be raised.

*Demurrer to the plaintiff's complaint.*

After describing the several parties to the action, the plaintiff's complaint alleges that on the 15th day of December, 1938, the plaintiff was operating his car in an easterly direction on State Trunk Highway No. 11, in a careful and lawful manner;

"That as he was so operating his automobile a cloud of smoke suddenly and without warning descended upon the said highway from the south enveloping his car and so impeding or obstructing visibility that this plaintiff was unable to see about him on the highway; that the said plaintiff, never having encountered or suffered a similar experience, immediately applied his brakes in a forceful manner so as to bring his automobile to an immediate stop so as not to endanger himself or the guests in his car or other users of the highway who might be approaching said point; that when his automobile was either completely stopped or practically

so it was struck by the front end of a Dodge sedan that was then and there being operated in a westerly direction by Edward W. Rapps, now deceased, and which said Dodge sedan was being driven in a negligent and careless manner, as will be hereinafter detailed; that the said collision occurred at a point slightly east of the airport located to the south of Highway 11, a short distance east of the intersection of the said highway with United States Highway 41 in Racine county, Wisconsin; that said collision was also caused by the negligence and carelessness of the agents and servants of the defendant, the Racine Flying Service, Inc., in that the said servants of the said company were burning grass on the field of the said defendant to the south of the said highway at a time when there was a wind blowing from the south to the north and that the said servants knew or ought to have known that the said smoke would blow across the said highway in such a manner so as to endanger traffic that might be lawfully traveling upon said highway at said time and place."

(Negligence of Edward W. Rapps alleged in detail.)

"8. That at and immediately prior to the said collision in question the defendant, the Racine Flying Service, Inc., through its agents and servants was negligent in starting and in permitting to burn a grass fire in the field controlled by the said defendant to the south of the said Highway 11, and at a point a short distance east of the intersection of the said United States Highway 11 with United States .Highway 41 in that a wind was blowing from the southwest to the northeast in such a manner or fashion that the smoke from the fire, which was quite dense, was blown toward, over and onto the said highway at such times, in such manner and in such a fashion that the servants of the said defendant should have known, in the exercise of ordinary care, that the presence of smoke upon the said highway in sudden gusts and clouds might endanger lawful users of the said Highway 11, who might be traveling in an easterly or westerly direction by the airport; that the said agents and servants of the said defendant were then and there engaged in the business of the said defendant in operating and maintaining an airport and that the negligence of the said agents and servants was there-

fore the negligence of the said defendant and chargeable to it."

This is followed by an allegation that the negligence of the defendants was the cause of the injury and a description of the injuries. It is further alleged that the Fidelity & Casualty Company of New York was the insurer of Edward W. Rapps.

It is considered that the demurrer of the Racine Flying Service, Inc., to the plaintiff's complaint is not well taken. A considerable argument is made upon the proposition that no causal connection is shown between the negligence of the demurring defendants and the injury sustained by the plaintiff. While the allegation of the complaint in that respect is not specific, it is alleged that as a consequence of the negligence of both defendants, the collision resulted in the injuries fully described. This is certainly sufficient to admit proof that such negligent acts were the cause of plaintiff's injuries.

It is further contended that the plaintiff is guilty of contributory negligence as a matter of law. It is considered that such conclusion cannot be deduced from the allegations of the plaintiff's complaint, and even if it were, it would not constitute a complete defense to the plaintiff's cause of action unless the plaintiff's negligence was greater than that of the defendant, which fact does not appear from the pleadings. It is considered therefore that the demurrer to the complaint was properly overruled.

*The cross complaint of the Fidelity & Casualty Company of New York.*

In its cross complaint the Fidelity & Casualty Company alleges the following act of negligence:

"Fourth: That on the 15th day of December, A. D. 1938, at approximately 2 o'clock in the afternoon, and up to the

time of a collision between a certain automobile operated by James Ryan, plaintiff herein, and a certain automobile operated by Edward W. Rapps, now deceased, Racine Flying Service, Inc., one of the defendants above named, carelessly and negligently ignited and burned grass in its said flying field and within the limits of the public highway, and caused smoke from the grass so ignited to obscure portions of the highway in such a manner as to endanger persons lawfully traveling upon said highway.

"Fifth: That as a proximate result of the negligence of said Racine Flying Service, Inc., hereinbefore particularly specified, the vision of James Ryan, plaintiff above named, in traveling in an easterly direction upon said highway at said time and place was obstructed, causing him to deviate from his proper lane of traffic and run into and against the automobile then and there operated by Edward W. Rapps, now deceased. . . ."

And as against the Racine Flying Service, Inc., the Fidelity & Casualty Company sought contribution.

The demurring defendant does not point out in what respect this cross complaint is insufficient. It makes a general argument in respect to negligence, causation, and contributory negligence, but nowhere is any defect in the cross complaint of the Fidelity & Casualty Company specifically dealt with. While the allegations of the cross complaint are in broad general terms and are possibly subject to a motion to make more definite and certain, they are certainly sufficient to permit proof of facts creating liability as against the demurring defendant. The demurrer to this cross complaint was therefore properly overruled.

*Cross complaint of the First National Bank & Trust Company of Racine.*

In the cross complaint of the First National Bank & Trust Company of Racine, administrator with the will annexed of the estate of Edward W. Rapps, deceased, it complained with

respect to the negligence of the demurring defendant. The allegations of negligence in its cross complaint were as follows:

"That at and immediately prior to said collision as this administrator defendant is informed and verily believes the defendant the Racine Flying Service, Inc., through its agents and servants, negligently and carelessly started and permitted to burn a grass fire in its said flying field and within the limits of the public highway at a time and under circumstances when it knew or ought to have known through its agents and servants that the wind was blowing from the south to the north across said highway; that said grass and weeds when ignited would cause an extremely dense and heavy smoke and that the same would obscure portions of said highway in such a manner as to endanger persons lawfully traveling thereon."

It is further alleged that as a proximate result of the negligence and carelessness of the Racine Flying Service, Inc., in starting said fire and permitting the same to burn as alleged, a collision occurred.

The demurring defendant nowhere deals specifically with the allegations of this cross complaint which contains broad and general allegations sufficient to admit proof of facts which would create liability as against the demurring defendant.

It should not be necessary for us to point out that when a party demurs to a pleading he raises sufficiency of the allegations contained in the pleading demurred to, to state a cause of action. The demurrant may not import into the statement of one cause of action the allegations of fact contained in another pleading for the purpose of making it or attempting to make it defective or insufficient. It seems almost too plain for argument that the several pleadings demurred to state facts sufficient to constitute a cause of action, and that the trial court properly overruled the demurrers.

*By the Court.*—The several orders appealed from are affirmed with costs, each of the respondents to tax $25 attorney fees.