SCHOONOVER, Respondent, vs. CITY OF VIROQUA, Appellant.*

*January 20—February 15, 1944.*

----

* Motion for rehearing denied, with $25 costs, on April 24, 1944.

For the appellant there were briefs by *Wayne B. Schlintz* of Viroqua and *Hale & Skemp* of La Crosse, and oral argument by *Quincy H. Hale.*

*J. Henry Bennett* and *Olga Bennett,* both of Viroqua, for the respondent.

A brief was also filed by *Ronald A. Padway* of Milwaukee, attorney for Milwaukee Fire Fighters' Association, Local 215, International Association of Fire Fighters (A. F. L.), and Milwaukee Policemen's Association, as *amicus curiæ.*

FOWLER, J.   The case is an appeal from an order overruling a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   The action is based on secs. 62.13 (7), 62.13 (7m), and 62.13 (7n), Stats., set out in the margin.[1]   They provide that the council

---

[1] Sec. 62.13 (7) *Compensation.*  The salaries of chiefs and subordinates shall be fixed by the council. . . .

of cities of the fourth class, of which the defendant is one, shall fix the compensation of policemen; that the council shall provide for and the chief of police shall assign to policemen one day of rest in every one hundred ninety-two hours; that the council shall provide for a working day for policemen of not more than eight hours; that in emergencies the time of service may be extended; and that when the time of service is extended by the chief of police during an emergency, when the emergency has ceased additional days of rest shall be allowed for all overtime served during its continuance.

The city council had not by ordinance or resolution complied with either sec. 62.13 (7m) or 62.13 (7n), but had fixed the salary of night policemen at $100 per month. The plaintiff served as a night policeman continuously for three years and eight months. During this time he worked eleven hours each night of service, and was allowed only two nights off each month. During this period of service the plaintiff did not demand payment for overtime served, or additional nights of rest. No emergency existed during his period of service. He accepted this monthly salary and his allotment of nights off without objection or protest that he was entitled

Sec. 62.13 (7m) *Rest day.* The council of every city of the . . . fourth class shall provide for, and the chief of the police department shall assign to, each policeman in the service of such city one full rest day of twenty-four consecutive hours during each one hundred and ninety-two hours, except in cases of positive necessity by some sudden and serious emergency, which, in the judgment of the chief of police, demands that such day of rest be not given at such time. Arrangements shall be made so that each full rest day may be had at such time or times as will not impair the efficiency of the department.

Sec. 62.13 (7n) *Hours of labor.* The council of every city of the . . . fourth class, shall provide for a working day of not more than eight hours in each twenty-four except in cases of positive necessity by some sudden and serious emergency, which, in the judgment of the chief of police, demands that such work day shall be extended beyond the eight-hour period at such time; and when such emergency ceases to exist, all overtime given during such emergency, shall be placed to the credit of such policeman, and additional days of rest given therefor.

to pay for either extra time actually served or for days off less than one in one hundred ninety-two hours, and no express contract was entered into between him and the city for pay for either.

The plaintiff claims, (1) that he is entitled to receive pay for the three hours' overtime per day actually served; and (2) for the day's rest less than one in one hundred ninety-two hours that he did not get.

(1) On this point the case is plainly ruled by *Vogt v. Milwaukee*, 99 Wis. 258, 74 N. W. 789. An ordinance of Milwaukee provided that eight hours should constitute a full day's work for city employees working and paid by the day. The ordinance neither provided for pay for overtime nor fixed a daily wage. The plaintiff worked for a time eight hours a day and thereafter worked twelve hours. No agreement was made as to the daily wage or overtime. The plaintiff was put on the pay roll at $2.22 per day, he accepted his pay at that rate without protest, except that on receiving his first pay check after being put to work twelve hours per day he asked for pay for his extra time, but none was allowed and he accepted all subsequent checks without objection or protest. On discontinuance of his service he brought suit to recover pay for his overtime at the rate of $2.22 for every eight hours worked. The court held that the effect of the ordinance was to give an employee the option to refuse to work over eight hours a day or to get an express agreement for pay for his overtime, and that without such agreement there could be no recovery. This is the general—almost the "invariable"—rule. See note and cases cited and stated in 65 L. R. A. 46. In 31 Am. Jur. p. 1067, sec. 473, it is said, citing *United States v. Martin*, 94 U. S. 400, 24 L. Ed. 128, and *Woods v. Woburn*, 220 Mass. 416, 107 N. E. 985:

"An employee of the government who works for a period exceeding that prescribed by statute for a day's work, in the

absence of an express contract therefor or of any suggestion that payment received on the basis of the statutory day is not sufficient, cannot afterwards recover for the additional time. . . ."

The rule is of course otherwise where the right to recover for overtime is declared by statute, *United States v. Post,* 148 U. S. 124, 13 Sup. Ct. 567, 37 L. Ed. 396.

In notes in 25 A. L. R. 238, and 107 A. L. R. 713, the liability of employers for overtime, excluding governmental and municipal employees, under statutes merely fixing the hours constituting a day's labor, is treated, and cases are there cited and stated holding that the liability does not exist in absence of an agreement therefor.

In the *Vogt Case, supra,* a New York decision, *McCarthy v. New York,* 96 N. Y. 1, is cited in support. The plaintiff cites *Wright v. State of New York,* 223 N. Y. 44, 119 N. E. 83, in support of his contention. The *McCarthy Case* is distinguished in the *Wright Case* by the fact that the statutes involved in the latter fixing the day's work at eight hours also provided that for overtime the employee should recover the going wage, while the statute involved in the former, like the instant statute, contained no provision for payment for overtime.

It is true that there are cases, *O'Boyle v. Detroit,* 131 Mich. 15, 90 N. W. 669; *City of Galveston v. O'Mara* (Tex. Civ. App.), 146 S. W. (2d) 416; and *Bachelder v. Bickford,* 62 Me. 526, that support the position of plaintiff. However we see no sufficient reason for overruling the *Vogt Case, supra.*

(2) The plaintiff also claims that as his pay went on during his nights off he is also entitled to pay for the nights off that he was entitled to but did not get. But this is merely a claim for pay for overtime—a claim for pay for work done at times when the plaintiff was not obliged to work. If the plaintiff was not entitled to pay for the extra three hours a day that he worked when not obliged to, upon like reason he is not entitled

to pay for the nights worked when he was not obliged to. The provision of the statute for extra rest days for time served in emergencies has no application for no emergencies occurred.

The complaint also alleges that the plaintiff was illegally discharged because no charges were filed against him and sec. 62.13 (5) (b), Stats., provides that no policeman shall be discharged "for cause" without charges in writing being preferred against him; that no charges were preferred or hearing had as provided by sub. (5) of said section; that plaintiff has ever since his discharge held himself ready to serve as a policeman; and that he is entitled to damages for the unlawful discharge. The plaintiff has evidently abandoned claim under these allegations as it is not contended in the brief and was not on the argument that he is entitled to any relief under them. The "cause" contemplated by par. (b) is an act of misfeasance or nonfeasance. Obviously discharges may be made for other causes than those contemplated by par. (b). See sub. (5m) of sec. 62.13. There are no allegations that plaintiff's discharge was made for any cause contemplated by par. (b), and that he was so discharged cannot be implied.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with direction to enter an order sustaining the demurrer.