## BENJAMIN K. KAM *v.* CITY AND COUNTY OF HONOLULU.

## NO. 2626.

SUBMITTED JANUARY 8, 1947.                    DECIDED MARCH 3, 1947.

KEMP, C. J., PETERS AND LE BARON, JJ.

OPINION OF THE COURT BY KEMP, C. J.

The plaintiff-appellee, hereafter referred to as plaintiff, commenced this action of general assumpsit against the defendant-appellant, hereinafter referred to as defendant, in the circuit court of the first judicial circuit, Territory of Hawaii. The substance of plaintiff's amended complaint filed May 18, 1945, is that heretofore, on or about the 26th day of March, 1943, the defendant was justly and truly indebted to the plaintiff in the sum of $6509.80, for work, labor and services before that time performed by the plaintiff for the defendant at its special instance and request, and being so indebted the defendant then and there promised plaintiff to pay him said sum when thereafter requested; that the defendant, though requested, has failed, neglected and refused to pay said sum or any part thereof,

and that the whole of said sum of $6509.80 is now due, owing and unpaid; that the plaintiff has complied with all conditions precedent to recovery.

Defendant's demurrer to the amended complaint having been overruled, it answered denying each and every, all and singular, the allegations contained therein.

The cause was tried before the court without a jury and the court, in its decision, made the following findings of fact: "On the 7th day of December, 1941, plaintiff was a Civil Service employee of the City and County of Honolulu, employed as an ambulance driver at the City and County Emergency Hospital. Following the Japanese attack on Honolulu on December 7th, 1941, the employees of the said Emergency Hospital were required, upon the orders of Dr. Thomas Mossman, City and County Physician of the City and County of Honolulu in charge of the Emergency Hospital, to work twenty-four hours a day, seven days a week, taking out only short intervals for sleep in the ambulances or about the premises, and for meals. The plaintiff performed his duties upon such twenty-four hour shift until June 7th, 1942, when the hours of his employment were fixed at twelve hours per day, and from June 8th, 1942, until March 26th, 1943, when plaintiff was dismissed from his employment, he worked upon a twelve hour a day shift, including Saturday afternoons and Sundays. During the aforesaid periods and from September 26th, 1942, to October 18th, 1942, plaintiff had a vacation of 20 days, and during the period from January 1st to March 26th, 1943, plaintiff was given a three day disciplinary suspension. Such overtime services were ordered performed by Dr. Thomas Mossman, City and County Physician."

"The Court can take judicial notice of the emergency which arose by reason of the Japanese attack on Honolulu on December 7th, 1941, and the evidence establishes that

by reason thereof extra personnel were needed to man the ambulances at the City and County Hospital, and it was not practicable to obtain competent persons in sufficient numbers for such service, and it was necessary, to maintain an efficient staff to cope with the existing and threatened further emergency, to require the personnel of the Emergency Hospital to work longer hours, and, in addition thereto, to secure the services of unpaid volunteers.

"Shortly after the state of emergency caused by war arose, Dr. Mossman informed and took up the matter of the necessity for his orders for overtime work on the part of personnel of the Emergency Hospital with the Mayor, and the evidence establishes that the Mayor and the Board of Supervisors were aware of the necessity of and the overtime work being put in by the personnel of said Emergency Hospital."

"It may also be noted that the Board of Supervisors of defendant corporation, by way of compensation to other employees rendering overtime services in the same and similar capacities as plaintiff, provided compensation for such employees by time off with pay, which compensation was accepted by said employees."

The court also found that for the period from December 7, 1941 to March 26, 1943, plaintiff was employed by defendant at the following monthly salaries:

From December 7, 1941 to January 1, 1942, at $154.17 per month, from January 1, 1942 to December 31, 1942, at $163.33 per month, from January 1, 1943 to March 26, 1943, at $172.50 per month, and it is admitted that he has been paid his salary for the whole time he was employed.

On the foregoing findings of fact the court made the following conclusions of law:

"Upon the evidence adduced herein it does not appear that the burden was placed upon plaintiff to ascertain, at his peril, that all formalities allowing compensation for

484

his overtime services had been duly performed by the City and County officials."

"An examination of Section 359, R. L. H., 1945, shows that the City and County of Honolulu was, in cases where it is not reasonably practicable to obtain competent persons in sufficient numbers to perform necessary work (as was the circumstances prevailing in the instant case), authorized to extend the limit of hours of work of City and County employees. The employment of plaintiff to work longer than an eight hour day cannot be said to be an ultra vires act. The requirement of rendering of such overtime and extra work was directed by Dr. Thomas Mossman, City and County Physician in charge of and operating said Emergency Hospital for the City and County of Honolulu. The Mayor of the City and County of Honolulu was informed by the proper officer of the necessity for and the ordering and requirement of the overtime hours of work by the City and County employees of said Emergency Hospital. The only formality lacking to enable the plaintiff in the instant case to be paid by the Auditor of the City and County of Honolulu for the overtime services so rendered was the formality of the approval of the ordering of said overtime services by the Mayor, a formality withheld with the knowledge on the part of the Mayor, and on the part of the Board of Supervisors, that such services were being ordered and obtained by a duly authorized officer of the City and County and rendered by plaintiff and other employees."

"Under the principles applicable to the instant case, and upon the principle of unjust enrichment had by defendant corporation by the performance by plaintiff of services to it and acceptance by it of such services under a contract which it had power to make but did not complete or completely validify by the performance of a formality, defendant is liable to plaintiff only for the amount

of the benefits received, or the reasonable worth of the services performed, and would not be liable therefor in an amount of a general commercial rule not provided for by any statute or applicable ordinance. * * *

"It appears to this Court that the regular wages at which plaintiff was employed was the reasonable value of the services performed by him.

"For the foregoing reasons it is hereby adjudged that plaintiff have and recover of defendant, for the overtime services so rendered by him over the regular hours of his employment, computed upon his aforesaid rates of pay, the sum of $3,798.34, together with interest, and his costs of court herein."

Pursuant to the decision a judgment was entered in favor of the plaintiff and against the defendant for $4,-549.46.

The defendant duly excepted to the decision and to the judgment entered thereon, and the cause is here on defendant's bill of exceptions.

We deem it unnecessary to decide whether the mayor approved the increase in the daily hours of service of ambulance drivers employed by the City and County. The exceptions alleged and the specifications of error pose the following question, which is decisive of the issues:

Do the statutes of the Territory or the ordinance of the City and County authorize the City and County to pay a salaried civil service employee of plaintiff's classification extra compensation for overtime service?

The trial court decided that the principle of unjust enrichment applies to the facts of this case and gave judgment accordingly in an amount which it deemed to be the reasonable value of the overtime service.

The plaintiff relies solely on section 359 of the Revised Laws of Hawaii 1945 as statutory authority for his claim that the extended hours of service constituted overtime

service, for the reasonable value of which he claims the defendant is liable to him.

So much of section 359 of the Revised Laws of Hawaii 1945 as plaintiff relies upon follows:

"Eight hours of actual service on any working day, except on Saturday, on which day only five hours of actual service, shall constitute a day's labor for all mechanics, laborers, clerks and other employees employed upon any public work or in any public office of the Territory or any political subdivision thereof, whether the work is done by contract or otherwise; provided, however, that in cases where it is not reasonably practicable to obtain competent persons in sufficient number for such employment such limit of hours of actual service may be exceeded in case of emergency with the approval of the governor where the compensation for such employment is paid out of territorial funds, or with the approval of the mayor or chairman of the board of supervisors where the compensation for such employment is paid out of county funds or out of funds under the control of any county board, bureau or commission, until competent persons in sufficient numbers for such services can be obtained * * *."

The defendant relies upon the same statute and various other statutes in *pari materia* with section 359.

As held by the court the plaintiff was, during all the time he was employed as an ambulance driver at the emergency hospital, a classified civil service employee of the defendant, his classification being SP-5 (subprofessional) and the salary for that position was fixed in accordance with statutory law and ordinances. The salary so fixed was paid by the defendant for the whole period of plaintiff's employment at the times and in the manner required by existing ordinances. Section 359, Revised Laws of Hawaii 1945, upon which plaintiff so heavily relies provides that employees may be required to serve more than

the 45 hours a week in the event of the happening of the contingencies described in the statute and said statute makes no provision for increasing the salary because of the extended hours of service. It would, therefore, seem logical to conclude that no part of the service performed by plaintiff was, strictly speaking, overtime service but was service contemplated by the statute in the event of an emergency making the service necessary. This view is strengthened by various other statutes in *pari materia* with section 359.

Section 6534 provides that "The salary of all positions shall be as fixed by ordinance and applicable statutes."

Section 6543 provides that "The salaries provided by law for municipal officers or employees shall be in full compensation for all services rendered * * *."

Section 6586 provides *inter alia* that the rates of compensation for all positions shall be established and enumerated in a salary ordinance, which shall be amended annually, or from time to time as necessary, to include all positions in City and County departments and offices under the legislative control of the board of supervisors which are continued or created by the board of supervisors in adopting each annual budget and each annual or supplementary appropriation ordinance.

Section 6593 provides, among other things, that no money shall be drawn from the treasury of the City and County, nor shall any obligation for the expenditure of any money be incurred except in pursuance of appropriations or transfers made in accordance with law.

Section 8 (b) of Act 88, Special Session Laws of Hawaii 1941, provides in part that: "The board of supervisors of each county * * * shall, within thirty days after the passage of this Act, by resolution requiring one reading, elect under which of said two bases—the service anniversary basis or the fiscal year basis—the employees

under its jurisdiction shall be allowed said annual increments." Said Act 88 also classified all positions, prescribed the grades thereof, and fixed the annual salary and annual increment for each grade. (§ 11.)

In 1941 in compliance with the provision of paragraph (b) of section 8 of said Act 88, the board of supervisors of the City and County of Honolulu by resolution number 495 elected to allow annual increments on the fiscal year basis.

Section 12 of said Act 88 makes its provisions (with a few exceptions immaterial to our inquiry) applicable to "all positions the compensation for which is paid directly from funds under the control of the City and County of Honolulu or any independent board or commission thereof, including positions the compensation for which is specifically fixed by any other law * * *."

In compliance with the requirement of section 6586, Revised Laws of Hawaii 1945, the board of supervisors of Honolulu enacted ordinance 951 (the 1942 salary ordinance) in which they incorporated the provisions made necessary by Act 88, *supra*. In section 3 of said ordinance the board provided for extra compensation for a limited class of employees who are required under orders of the head of the department in which he is employed to perform overtime service in excess of the requirement of section 359 of the Revised Laws of Hawaii 1945. The position held by the plaintiff is not of the class for which extra compensation is provided.

Section 3 of said ordinance follows:

"Overtime—Regular Employees. Any employee occupying any position described herein in the Crafts and Custodial Service, who is required under the orders of the head of the department in which he is employed to perform, during any payroll period, overtime services in excess of the requirements of section 89, Revised Laws of Hawaii, 1935 [now section 359, Revised Laws of Hawaii 1945],

shall be entitled to be compensated for such overtime services at the hourly equivalent of the annual rate of compensation fixed for such position, provided, that the total of such overtime shall not exceed twenty-four (24) hours in any payroll period, and, provided further, that all claims for compensation for such overtime shall be subject to the approval of the Mayor."

No decision construing statutes and ordinances in the exact words of the statutes and ordinance to which we have referred has been cited or otherwise come to our attention but there are cases and other authorities cited by the defendant which point the way to a correct interpretation of our statutes and ordinance. A few of such authorities are:

*Timmonds* v. *United States*, 84 Fed. 933, construed an Act of Congress which provides: "Eight hours shall constitute a day's work for all laborers, workmen and mechanics who may be employed by or on behalf of the government of the United States." In that case it was urged that under this provision any laborer, workman, or mechanic who labors in the service of the United States more than eight hours a day may recover as upon a *quantum meruit* for the value of the extra time so given to the service, irrespective of the contract of employment. On the authority of *United States* v. *Martin*, 94 U. S. 400, it was held that the provision in question is in the nature of a direction by the government to its agents, and is not a contract between the government and its servants; that it does not specify what sum shall be paid for the labor of eight hours, nor that the price shall be larger when the hours are more, or smaller when the hours are less; and that, being in the nature of a direction from the government to its agents, it does not constitute a contract to pay its servants for the excess of time employed; that he was under no compulsion; that he could have abandoned his

service if it proved distasteful or onerous; that continuing in a service which required twelve hours of time each day at a stated compensation per month, he is not entitled to recover as upon an implied contract for the service in excess of eight hours a day; that the Act being construed to be merely a direction to the employing officer of the government does not furnish grounds of recovery for the supposed excessive service, nor confer any right upon or interest in the servant. The court pointed out that it is otherwise with respect to letter carriers, because the Act with respect to them expressly provides that they shall be paid for the extra time in proportion to the salary fixed by law (*United States* v. *Post*, 148 U.S. 124), a provision wanting in the Act under consideration.

To the same effect is *Connolly* v. *City of Des Moines*, 200 Iowa 97, 204 N.W. 284; *Mitchell* v. *City of Chicago*, 259 Ill. App. 301; *McCarthy* v. *Mayor etc. of N.Y.*, 96 N. Y. 1; *Vogt* v. *City of Milwaukee*, 99 Wis. 258, 74 N.W. 789, recently approved in *Schoonover* v. *Viroqua*, 244 Wis. 615, 12 N.W. (2d) 912. See also *United States* v. *Moses*, 126 Fed. 58, and 31 Am. Jur., Labor, § 473.

The case of *Potter* v. *Metuchen*, 108 N.J.L. 447, relied upon by the trial court is not in point. It did not involve the question of the liability of a municipal corporation to a salaried employee upon implied contract for overtime service. The same is true of *Shulse* v. *City of Mayville*, 271 N.W. (Wis.) 643; *City of Topeka* v. *Ritchie*, 184 Pac. 728 and *Armstrong* v. *City of Seattle*, 38 P. (2d) 377, all cited by the court.

The trial court did not find as a fact that the plaintiff accepted his salary warrants regularly issued and delivered to him without protesting the correctness of the amount thereof. However, the uncontroverted evidence establishes that fact. It also establishes that when plaintiff was discharged he appealed to the reviewing authority where the

order discharging him was upheld. This negatives the idea that he was dissatisfied with the terms of his employment and the record fails to disclose an express agreement between any official of the municipality and the plaintiff for extra compensation for overtime.

The trial court mentioned that the board of supervisors provided compensation for other employees of the emergency hospital who worked overtime by time off with pay. This is not the whole story. The record does not disclose the exact date when this action was taken but it does appear to have been after plaintiff had been dismissed from the service. The evidence as to compensation given to other employees mentioned by the court shows that they were given twelve-weeks' leave with pay. Had the plaintiff been an employee at the time this leave with pay was given he would doubtless have been given a like leave. This fact removes the implication that plaintiff was discriminated against. To the contrary, if the judgment here appealed should stand the plaintiff would receive more than six times the amount he would have received by being given a twelve-weeks' leave with pay. The record is silent as to the cause of plaintiff's dismissal from the service but the fact that he appealed and his appeal denied demonstrates that there was good cause for his dismissal. The record also shows that the court found that in October 1942 plaintiff was given his annual vacation. About four months later he was dismissed from the service and he was given another three weeks' vacation with pay, long before he had earned an annual vacation.

We do not regard the facts just recited material to the issue, but we have noticed them to show that the plaintiff has not been discriminated against.

Section 359 of our Revised Laws is less favorable to the plaintiff than the statutes construed in *Timmonds* v. *United States* and other cases cited *supra*, in that it ex-

pressly provides for extending the hours of service without providing for extra compensation therefor.

We conclude that a salaried municipal employee, other than those provided for in ordinance 951, who works more hours daily than those prescribed as a day's work by section 359 of the Revised Laws, cannot maintain an action in assumpsit against the municipality for the value of the extra hours of service upon contract, express or implied.

The exceptions to the decision and the judgment are sustained, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

*Hoon Wo Wong, M. D. White* and *R. D. Welsh* for plaintiff.

*Jean V. Gilbert*, City and County Attorney, and *T. S. Ogata*, Deputy City and County Attorney, for defendant.