HERTZ CORPORATION, Respondent, v. RED ROOSTER CHEESE COMPANY, INC., Appellant.

*No. 166. Argued September 6, 1972.—Decided October 3, 1972.*
(Also reported in 200 N. W. 2d 603.)

702

For the appellant there were briefs by *Becker, Kinnel, Doucette & Mattison* and *James R. Mattison,* all of Milwaukee, and oral argument by *James R. Mattison.*

For the respondent there was a brief and oral argument by *Burton A. Strnad* of Milwaukee.

Robert W. Hansen, J. The challenge on appeal is to the trial court's sustaining in part the demurrer of plaintiff to the counterclaim of defendant. The trial court sustained the demurrer to one of five items of damage claimed in the counterclaim, relying upon a contract provision incorporated in plaintiff's complaint.

There are two things wrong with what the trial court did.

(1) A demurrer to a counterclaim, asserting that the counterclaim does not state a cause of action, is a challenge of the legal sufficiency on its face of such counterclaim. It is directed toward errors and omissions appearing on the face of the counterclaim.[1] Wisconsin statutes set forth the issues that may be raised by a demurrer to a counterclaim,[2] providing that, when the matters enumerated as subject to demurrer do not appear on the face of the counterclaim, objection may be taken by reply.[3] When the defect appears on the face of the

[1] *See:* 4 Callaghan's *Wisconsin Pleading and Practice*, sec. 22.18, Nature and purpose of demurrer. *See also:* 71 C. J. S., *Pleading*, p. 500, sec. 257.

[2] Sec. 263.17, Stats., providing in pertinent part: ". . . The plaintiff may, within 20 days, demur . . . to any counterclaim therein *where it appears upon the face thereof* either that:

"(1) The court lacks jurisdiction of the subject matter; or
"(2) The defendant has not legal capacity to maintain the same; or
"(3) Another action is pending between the same parties for the same cause; or
"(4) There is a defect of parties; or
"(5) The counterclaim does not state a cause of action; or
"(6) The cause of action stated is not pleadable as a counterclaim; or
"(7) The counterclaim is barred by the statutes of limitations."

(Emphasis supplied.)

[3] Sec. 263.18, Stats., providing in pertinent part: ". . . The plaintiff may demur . . . to one or more of the counterclaims and reply to the residue of the counterclaims. *When any of the matters enumerated* in s. 263.17 *do not appear upon the face of the counterclaim, the objection may be taken by reply;* and the objection that

counterclaim, demurrer lies. When the defect does not appear on the face of the counterclaim, objection is to be raised by reply. As has been said of demurrers to complaints, objections which do not appear on the face of the counterclaim must be taken by plea or reply.[4] An exception has been created to this rule where ". . . the other pleading resorted to is contained in the same document as the pleading demurred to and is subscribed or verified by the same party, or parties, as the latter pleading." [5] The exception to the general rule stops far short of permitting demurrant or trial court to import into a counterclaim allegations of fact contained in plaintiff's complaint when the counterclaim is challenged by demurrer for failing to state a cause of action.[6]

the counterclaim is barred by the statute of limitations may in any case be taken by reply." (Emphasis supplied.)

[4] *Estate of Rosenstein* (1970), 47 Wis. 2d 494, 497, 177 N. W. 2d 372, stating: "Upon a demurrer, a court may not add factual matters as an allegation to a complaint to aid or defeat it. . . .

"Objections which do not appear on the face of the plaintiff's declaration or complaint must be taken by plea or answer and not by demurrer even though extrinsic facts are conceded at the hearing. . . ."

[5] *Marky Investment v. Arnezeder* (1961), 15 Wis. 2d 74, 82, 112 N. W. 2d 211. *See also: Boek v. Wagner* (1957), 1 Wis. 2d 337, 341, 342, 83 N. W. 2d 916, stating: "We are of opinion that the allegations of the counterclaim were incorporated in the answer by reference, and hence the court could properly consider them as a part of the answer. Between the first five paragraphs of the answer and the counterclaim appears the following:

" 'And by way of further answer to said complaint and by way of counterclaim, the above-named defendant alleges,' etc.

"This sufficiently made the subsequent allegations a part of the answer as well as a counterclaim. . . ."

[6] *Ryan v. First Nat. Bank & Trust Co.* (1940), 236 Wis. 226, 232, 294 N. W. 832, holding: "It should not be necessary for us to point out that when a party demurs to a pleading he raises sufficiency of the allegations contained in the pleading demurred to, to state a cause of action. The demurrant may not import into the statement of one cause of action the allegations of fact contained in another pleading for the purpose of making it or attempting to make it defective or insufficient."

(2) A demurrer to a counterclaim on the ground that it does not state a cause of action does not reach items of damage claimed in the prayer for relief. Even if paragraph 26 of the lease agreement had been set forth in the counterclaim, instead of being incorporated only in plaintiff's complaint, demurrer would not lie to one or more of five items of claimed damage in the counterclaim. Paragraph 26 does not negate the cause of action set forth in the counterclaim. It does appear to limit damages recoverable, but items of damage in a prayer for relief are not challengeable by demurrer. For demurrers to counterclaims, as this court has said of demurrers to complaints, the rule is: ". . . The mere demand for an amount in damages which is excessive does not render the complaint subject to demurrer," [7] since ". . . A prayer for relief is no substantive part of a complaint and the fact that the plaintiff 'asks for more relief than that which his pleaded facts entitle him to have is not reached by demurrer.' " [8]

For the two reasons given, the trial court's order sustaining in part the demurrer of plaintiff to defendant's counterclaim must be reversed, and the case remanded with directions to overrule the demurrer of plaintiff.

*By the Court.*—Order reversed, with directions to deny the demurrer of the plaintiff to the counterclaim of the defendant.

---

[7] *Northwestern Motor Car, Inc. v. Pope* (1971), 51 Wis. 2d 292, 295, 187 N. W. 2d 200.

[8] *D'Angelo v. Cornell Paperboard Products Co.* (1963), 19 Wis. 2d 390, 398, 120 N. W. 2d 70, citing *Trade Press Publishing Co. v. Milwaukee Typographical Union* (1923), 180 Wis. 449, 459, 193 N. W. 507. *See also: Spencer Cooperative Live Stock Shipping Asso. v. Schultz* (1932), 209 Wis. 344, 351, 245 N. W. 99; *Citizens Loan & Trust Co. v. Witte* (1901), 110 Wis. 545, 546, 86 N. W. 173.