**Jean GREUB, and Josie Schreibeis, Appellants (Plaintiffs),**

v.

**W.B. (Pete) FRITH, Loal R. Lorenzen and Debbie S. Rice, Board of County Commissioners, Appellees (Defendants).**

**No. 85–216.**

Supreme Court of Wyoming.

April 3, 1986.

Michael K. Shoumaker of Shoumaker & Murphy, Sheridan, for appellants.

Thomas C. Wilson, County and Prosecuting Atty. for Sheridan County, for appellees.

Before THOMAS, C.J., and BROWN, CARDINE, URBIGKIT and MACY, JJ.

BROWN, Justice.

This appeal results from an action by appellants as employees of Sheridan Coun-

ty, against appellees County Commissioners of Sheridan County (hereinafter the county) to collect additional pay. The action commenced after the employees were required to work from 8:00 a.m. to 5:00 p.m. instead of the previous 9:00 a.m. to 5:00 p.m. schedule. Both parties moved for summary judgment, stating there were no genuine issues of material fact. After a hearing the district court granted summary judgment for the county.

Appellants raise the following issues:

"1. Should the appellants be paid additional sums for the extra 20 hours per month that they have been forced to work since January 7, 1985?

"2. Should Sheridan County be estopped from raising statutory and contract violations as defenses?"

We will affirm.

Appellants are employees of the County Assessor for Sheridan County, Wyoming. Apparently appellants were only required to work from 9:00 a.m. to 5:00 p.m. until January 3, 1985, when James Stresky, the County Assessor, circulated a memorandum which stated in part:

"Beginning Monday, January 7, 1985, our workday will commence at 8:00 a.m. There will be no compensatory time for this one hour.

"There will be no reading, working of crossword puzzles, or writing of personal letters during working hours."

Appellants subsequently filed a grievance with their supervisor, James Stresky, seeking compensation for the additional hour of work. Stresky denied the request and stated:

"Since pay is based on hours *worked,* employees are now working 40 hours per week instead of 35, and their pay scale is based on a 40-hour week."

Next, appellants filed their grievance with the county which also denied the request. The county stated in its decision letter:

"I regret to inform you that I, following an investigation of your grievance filed on February 5, 1985, am denying the grievance based on the following:

"1) Chapter 12, Section 5A of the Sheridan County Personnel Policy states: 'An employee's working hours shall be determined by the department head or elected official directly responsible for that employee. Employees are expected to abide by the working hours set by that individual.'"

Appellants then brought the present action in district court. As noted above, both parties moved for summary judgment agreeing there were no genuine issues of material fact. After a hearing, the trial court granted summary judgment in favor of the appellees finding, inter alia:

"1. The Court finds that the defendants are bound by the terms of the personnel policy adopted by Sheridan County in 1980; the Court bases this decision upon the case of *Mobil Coal Producing, Inc., a Delaware corporation, v. Dale Parks,* decided by the Supreme Court of the State of Wyoming via opinion dated August 13, 1985 being case number 84–262 [704 P.2d 702]. Although such case did not concern county employees, it did concern a personnel policy which governed the employment of individuals and would seem, to this Court, to apply in this case as well.

"2. The Court further finds that the plaintiffs were employed as full-time employees, that they enjoyed all the benefits of full-time employees as opposed to part-time employees, that they were paid as full-time employees for eight (8) hours work per day, but were simply not required prior to January 7, 1985 to work a full eight (8) hour day."

In their first issue appellants ask whether they should be paid additional money for the extra twenty hours per month they are now required to work. In their second issue appellants ask whether the county should be estopped from raising statutory and contract violations as a defense. We will consider both issues together.

The trial court found that the county was bound by the terms of the "Personnel Policies and Procedures Manual for Sheridan County, Wyoming," adopted May 6, 1980.

As noted above, Chapter 12, Section 5A of the manual states that "An employee's working hours shall be determined by the department head or elected official directly responsible for that employee." Nevertheless, appellants contend the new working schedule violates Chapter 9, Section 2B, which requires an adjustment in pay for a change in hours worked.

In the summary judgment the trial court cited the case of *Mobil Coal Producing, Inc. v. Parks*, Wyo., 704 P.2d 702 (1985). In that case we upheld the trial court's determination that the employer had violated the terms of its personnel handbook in its discharge of an employee. We recognized that in some instances an employer's personnel manual may constitute an employment contract. We need not address that issue here, since the basis of our decision is that state law is controlling over a county personnel manual. Furthermore, we need not decide whether county commissioners have the authority to adopt a personnel manual which controls the offices of other elected officials.

█ Appellants were initially employed as full-time employees. The law is clear in this state that full-time employment constitutes an eight-hour day and forty-hour week:

"The period of employment of state and county employees is eight (8) hours per day and forty (40) hours per week which constitute a lawful day's and week's work respectively." § 27–5–101(a), W.S. 1977 (June 1983 Replacement).

Since state law requires a full-time employee to work forty hours per week, appellants, in order to prevail, must show that they worked part-time for part-time pay. They have failed to do this. In their affidavits in support of the motion for summary judgment, appellants merely state that they were hired to work from nine to five, and that nothing was said about working eight hours per day. Apparently neither was anything said about working seven hours per day. Appellants do not say they were part-time employees.

We do not know if the nine to five schedule alleged by appellants contemplated that they would work through the lunch period, or whether it was contemplated they take time off. In practice, appellants apparently took time off for lunch since they refer to the paid lunch hour as the "benevolent county theory."

Appellants do not contend that they were paid less than full-time employees, nor do they claim they did not receive the emoluments of office due a full-time employee. Appellants' counsel made a veiled suggestion in argument that appellants were, perhaps, part-time employees since they only worked seven hours per day. We do not give any weight to this argument, and question appellants' motive to be classified as part-time employees. Part-time employees do not enjoy all the emoluments which full-time employees receive. Appellants have failed to demonstrate that they were part-time employees and were thus hired to work only part-time.[1]

Appellants complain that they should be paid additional compensation for the extra five hours per week they are now required to work. But appellants forget they were not hired to work part-time; rather, they were hired, compensated, and received the benefits of full-time employees. Certainly appellants are not contending that they were over-paid as full-time employees when they only worked thirty-five hours per week. Arguably, under our ruling, appellants should be required to pay back the past compensation they received in excess of the hours they were required to work. However, that issue is not before us. All that has really occurred is that the taxpayers are finally receiving the work that they have been paying for—that is, a forty-hour work week from appellants.

█ Appellants also contend the county should be estopped from asserting that appellants were not full-time employees when they worked thirty-five hours a week. We

---

**1.** At the summary judgment hearing, the county attorney referred to the benefits received by full-time employees, such as appellants. This was not refuted by appellants.

recently held in *Big Piney Oil and Gas Company v. Wyoming Oil and Gas Conservation Commission,* 715 P.2d 557 (Wyo. 1986), that estoppel would not be invoked against a government or public agency functioning in its official capacity. We stated:

> "Equitable estoppel should not be invoked against a government or public agency functioning in its government capacity, except in rare and unusual circumstances, and may not be invoked where it would serve to defeat the effective operation of a policy adopted to protect the public. 31 C.J.S. Estoppel § 138 (1964). * * * "

The county has not argued that appellants were not full-time employees when they worked a thirty-five hour week. The county merely states that the thirty-five hour work week was due to the leniency of the department head; the county still considered appellants full-time employees. The county is merely enforcing § 27–5–101(a), which requires full-time public employees to work eight hours a day. Appellants' estoppel argument is without merit.

Inasmuch as both parties agreed there were no genuine issues of material fact, we find summary judgment was proper in this case.

Affirmed.