**Vernon Edgar CYR, Appellant, (Plaintiff),**

v.

**BOARD OF COUNTY COMMISSIONERS OF PLATTE COUNTY, a Political Subdivision in the State of Wyoming, Appellee, (Defendant).**

No. 89–87.

Supreme Court of Wyoming.

Oct. 6, 1989.

---

Robert T. Moxley of Whitehead, Gage & Davidson, P.C., Cheyenne, for appellant.

Richard Boley of Lathrop, Rutledge & Boley, Cheyenne, for appellee.

Before CARDINE, C.J., THOMAS, MACY and GOLDEN, JJ., and BROWN, J., Retired.

GOLDEN, Justice.

Appellant Vernon Edgar Cyr challenges an order granting summary judgment to appellee, Board of County Commissioners of Platte County (County), in his action for overtime compensation. Cyr's primary argument is that the oral contract by which he and his wife (not a party to the action) provided jailer and matron services to Platte County violates W.S. 27–5–101 (June 1987 Repl.) and is therefore void. On that assumption Cyr then asserts that he is entitled to a remedy of compensation for hours worked beyond eight hours a day and forty hours a week. After careful review of the record, we hold that summary judgment was proper.

Affirmed.

The facts are not in dispute. Vernon Edgar Cyr and his then wife provided jailer and matron services to Platte County for 19½ months beginning on June 30, 1983. The parties agreed that the Cyrs would provide 24–hour–a–day, seven-day-a-week coverage for the jail. If they were absent for more than a short time they were to provide a substitute jailer at their own expense. Under the agreement the Cyrs received $2500 a month and living quarters in the Platte County Courthouse in return for their services.

The Platte County attorney prepared a written contract after the Cyrs undertook their responsibilities, but Cyr never signed it. Cyr rejected the contract as drafted because he felt that he should have more autonomy from the sheriff, that he should not have to assist in transporting prisoners, and, most importantly, that the County should provide liability insurance to cover jail operations. Although Cyr expressed his willingness to sign a contract if the County was responsible for the liability insurance, which was ultimately the case, a new contract was not prepared.

Nevertheless, Cyr and his then wife continued performing the agreed upon services for the next year and one half in return for the living quarters and $2500 a month. At the time Cyr entered into the agreement with the County he understood the duties and responsibilities of the position, and believed it was a "good job." Cyr subsequently tried unsuccessfully to negotiate for more money, but continued to perform the duties after his requests were rejected.

The County sent Cyr to courses and seminars on jail management where he learned how other jails were being operated. As a result, he became concerned about overtime hours and minimum wage require-

ments, and he calculated that he was receiving less than the minimum wage. Cyr asked the County to institute eight hour shifts in the jail, but this was not done; later on he left the jailer position voluntarily.

Cyr initially filed a complaint against the County in mid–1986, alleging violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. Cyr then filed the complaint in issue in July, 1988, alleging violation of W.S. 27–5–101. The district court granted the County's motion for summary judgment in March, 1989, and this appeal followed.

Summary judgment is properly granted when there is no genuine issue of material fact, and judgment for the prevailing party was proper as a matter of law. *Johnson v. Anderson*, 768 P.2d 18, 23 (Wyo.1989). We consider appeals of summary judgment using our well-established standard of review, "view[ing] the record from the vantage point most favorable to the party opposing the motion, [and] giving him all favorable inferences which may be drawn from the facts." *Milligan v. Big Valley Corporation*, 754 P.2d 1063, 1068 (Wyo.1988).

The district court granted summary judgment for the County because it was unable to find any legal basis for Cyr's claim for overtime compensation. The district court noted that Cyr was fully informed of his responsibilities, hours of employment, and the compensation he would receive, and that the County had made no misrepresentations. Further, it found that Wyoming has no overtime or minimum wage law, including specifically W.S. 27–5–101, that applies to these facts. Finally, it rejected a quantum meruit claim because Cyr did not plead an implied contract or allege facts that would support it.

Cyr argues initially that he was a county employee rather than an independent contractor, and therefore his employment was subject to W.S. 27–5–101. He asserts that the contract with the County is void because it was in violation of what he argues is a prohibition of uncompensated overtime in the statute.

It is not necessary however to establish whether or not Cyr was an employee of the County. Even if he was, W.S. 27–5–101 does not offer Cyr the protection that he would read into it. The statute neither prohibits work in excess of eight hours a day, nor mandates overtime compensation for all work in excess of eight hours a day, or 40 hours a week. Consequently, the parties' oral contract is valid whether or not W.S. 27–5–101 applies to its terms.

Cyr relies on language in W.S. 27–5–101, which reads, in pertinent part:

(a) The period of employment of state and county employees is eight (8) hours per day and forty (40) hours per week which constitute a lawful day's and week's work respectively.

(b) Except for employees whose maximum salary is limited by statute, any state or county employee may be compensated at a rate one and one-half (1½) times their regular compensation for each hour of service required to be performed because of emergency situations in excess of eight (8) hours per day and forty (40) hours per week. If overtime compensation is paid pursuant to this section, no additional benefits, such as compensatory time off, shall be allowed to the employee receiving the overtime compensation.

(c) Overtime compensation may only be authorized by the appropriate employing governing body subject to the following:

\* \* \* \* \* \*

(iv) For county employees pursuant to rules and regulations of the respective boards of county commissioners.

Cyr contends that subsection (a) prohibits employment of more than eight hours per day, unless it is for emergency purposes under subsection (b), in which case he argues that overtime pay is mandatory. He evidently claims that his employment was covered by the emergency situation language, entitling him to mandatory overtime compensation.

By giving effect to all sections of the statute and giving words their ordinary meaning, we find the purpose and direction of W.S. 27–5–101 is clear. *Sanchez v.*

*State,* 751 P.2d 1300, 1305 (Wyo.1988). It is not necessary to resort to construction or interpretation where the meaning is plain. *State Board of Equalization v. Tenneco Oil Company,* 694 P.2d 97, 99 (Wyo.1985). This statute simply establishes the standard intervals of full-time employment for state and county employees, and makes provision for overtime compensation for emergency service beyond those intervals *if* appropriate rules and regulations have been provided governing its authorization.

Nothing in W.S. 27–5–101(a) prohibits an employee from voluntarily working more than eight hours per day. Subsection (a) simply establishes the eight-hour day and the forty-hour week as the standard intervals of full-time employment. *Greub v. Frith,* 717 P.2d 323, 325 (Wyo.1986). These intervals are the maximum that an employer may require of employees except in emergencies. An employer may require fewer hours, and an employee may volunteer more time. Eight-hour laws such as W.S. 27–5–101(a) are distinct from statutes setting maximum hours of labor, and do not prohibit employment contracts which set a different interval as full-time employment. *State v. A.H. Read Co.,* 33 Wyo. 387, 410, 240 P. 208, 215 (1925); *Schoonover v. City of Viroqua,* 244 Wis. 615, 12 N.W.2d 912, 913–14 (1944). See also 48A Am.Jur.2d, *Labor and Labor Relations,* §§ 2636–37 (1979).

Although subsection (b) does address overtime pay for emergency service, it does not make overtime compensation mandatory. Subsection (b) states that overtime may be required of state or county employees in emergency circumstances, and that the appropriate governing body may pay overtime compensation of one and one-half times the employee's regular rate of compensation. This subsection must be read in conjunction with subsection (c), which establishes prerequisites for the authorization of overtime. For county employees, as provided in W.S. 27–5–101(c)(iv), the respective board of county commissioners must have adopted rules and regulations governing overtime compensation before any such compensation can be authorized. Cyr ignores this prerequisite of subsection (c)(iv)

rules and regulations, as he must, since none had been adopted by the County.

Cyr then argues that "may be compensated" in subsection (b) should be read as "shall be compensated." He relies on *Board of County Commissioners of County of Fremont v. State ex rel. Miller,* 369 P.2d 537 (Wyo.1962), but that case addressed a different situation. In *County of Fremont* this court held that the word "may" in a statute means "shall" in cases where public interests or rights are involved, or a public duty is imposed on public officers, and public or third persons have a de jure claim that the power shall be exercised. *Id.* at 542 (quoting *Burnham Hotel Co. v. City of Cheyenne,* 30 Wyo. 458, 465, 222 P. 1 (1924)).

A public interest was involved in *County of Fremont,* namely maintaining unobstructed public roads, and a de jure claim existed based in the statutory grant of authority. That is not true in Cyr's case. If W.S. 27–5–101 creates a right it does so only *after* the County has exercised its discretion and established rules governing the authorization of overtime pay. Without an overtime authorization policy there is simply no de jure claim to overtime compensation. Without a de jure claim "may" will not be read as commanding action. Instead, "[a]s a general rule, the word 'may' when used in a statute is permissive only and operates to confer discretion". *Appeal of Hamilton Pipeline Co.,* 65 Wyo. 350, 202 P.2d 184, 188 (1949).

Consequently, there is no foundation in W.S. 27–5–101 on which to construct a claim for additional compensation where, as here: 1) the employee voluntarily enters into an agreement to work more than eight hours a day and forty hours a week; or, 2) the County has not established rules and regulations governing authorization of overtime pay for emergency services.

The district court correctly found that Cyr had no other legal basis for recovering additional compensation from the County. The record establishes that he entered the agreement knowingly, understanding the duties required and the compensation of-

fered. While there was a disagreement over the liability insurance term in the written contract prepared by the County, the County made no misrepresentations, and Cyr performed his part of the bargain and accepted the agreed upon compensation for approximately twenty months. The district court also rejected a quantum meruit claim, correctly concluding that Cyr failed to plead implied contract or allege sufficient facts to support the claim. *Pancratz Corp. v. Kloefkorn–Ballard Construction/Development, Inc.*, 720 P.2d 906 (Wyo.1986).

The employment contract between Cyr and the County did not violate W.S. 27–5–101 in any respect, and he entered into it with full knowledge of its terms. Both parties received the benefit of their bargain. Appellee County was entitled to judgment as a matter of law, and the summary judgment was properly granted. Accordingly, we affirm.